EXHIBIT 4

## IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO

THE DISPATCH PRINTING COMPANY
34 South Third Street
Columbus, Ohio 43215

DONALD C. FANTA
726 City Park Avenue
Columbus, Ohio 43206

     Plaintiffs,

 -vs-

GILMAN D. KIRK
3239 Mann Road
Blacklick, Ohio 43004

JAMES F. TURNER
2156 Partlow Drive
Columbus, Ohio 43220

MICHAEL J. FORD
7650 Rivers Edge Drive
Columbus, Ohio 43235

W. ARTHUR CULLMAN, JR.
2164 Elgin Road
Columbus, Ohio 43221

JOHN DOE NOS. 1-10

     Defendants.

**05CVH10 11795**

COMPLAINT (Jury Demand Endorsed Hereon)

### Introduction

1. Perhaps the most fundamental fiduciary duty owed by corporate directors to their investors is the duty to keep the investors informed of what happened to the investment monies that the investors entrusted to the directors. In stark contrast to this most basic fiduciary duty,

this case is about directors who believe they can take millions from their investors but then refuse to tell the investors what happened to their money.

2. Plaintiffs The Dispatch Printing Company and Donald C. Fanta are investors in Columbus Exploration, LLC ("Columbus Exploration"). Defendants are directors of Columbus Exploration and, as such, are charged with the fiduciary obligation to keep the company's investors, including Plaintiffs, apprised of the company's operations and financial affairs. But, in abject disregard of their fiduciary responsibilities, Defendants have unlawfully refused to provide Plaintiffs with any information regarding the finances and operations of Columbus Exploration, presumably to hide mismanagement and waste by Defendants and the company's other managers. Defendants' refusal to provide Plaintiffs with any information about what happened to Plaintiffs' investment has left Plaintiffs with no choice but to prosecute this action to remedy Defendants' blatant violations of their fiduciary duties.

### The Parties

3. Plaintiff The Dispatch Printing Company ("The Dispatch") is an Ohio corporation with its principal place of business in Columbus, Ohio. The Dispatch is an investor in, and a member of, Columbus Exploration.

4. Plaintiff Donald C. Fanta ("Mr. Fanta") is an individual who resides in Columbus, Ohio. Mr. Fanta is an investor in, and a member of, Columbus Exploration.

5. Defendant Gilman D. Kirk ("Mr. Kirk") is an individual who resides in Blacklick, Ohio. Mr. Kirk is a director of Columbus Exploration, and, as such, he owes fiduciary duties to Plaintiffs.

6. Defendant James F. Turner ("Mr. Turner") is an individual who resides in Columbus, Ohio. Mr. Turner is a director of Columbus Exploration, and, as such, he owes fiduciary duties to Plaintiffs.

7. Defendant Michael J. Ford ("Mr. Ford") is an individual who resides in Columbus, Ohio. Mr. Ford is a director of Columbus Exploration, and, as such, he owes fiduciary duties to Plaintiffs.

8. Defendant W. Arthur Cullman, Jr. ("Mr. Cullman") is an individual who resides in Columbus, Ohio. Mr. Cullman is a director of Columbus Exploration, and, as such, he owes fiduciary duties to Plaintiffs.

9. The John Doe defendants are additional, unknown directors, officers, managers or agents of Columbus Exploration, both current and former, who were involved in or otherwise were a part of the fiduciary violations and other unlawful acts and omissions giving rise to this action.

### Facts

10. Columbus Exploration is a Delaware limited liability company with its principal place of business in Columbus, Ohio.

11. Columbus Exploration maintains an office in Ohio, owns property in Ohio, and conducts business activities in Ohio.

12. Columbus Exploration is managed by its board of directors, which includes Defendants and Thomas G. Thompson ("Mr. Thompson"), who serves as chairman of Columbus Exploration's board of directors.

13. In the mid-1980s, Thompson and Defendants organized an Ohio limited partnership known as Recovery L.P. ("RLP") to finance a search-and-recovery project for the

shipwreck of the *S.S. Central America*, a United States Mail Steamship which sank off the coast of South Carolina during a hurricane on September 12, 1857 carrying several tons of gold, silver and other treasures.

14. Thompson and Defendants solicited leaders from the Columbus business community to invest in RLP.

15. The Dispatch invested $1,000,000 and Mr. Fanta invested $250,000 in RLP.

16. In September 1988, RLP discovered the wreck of the *S.S. Central America* approximately 160 miles off the coast of South Carolina. RLP was able to recover more than a ton of gold, silver and other valuable artifacts from the shipwreck.

17. In November 1998, Defendants and Thompson organized Columbus Exploration to take over from RLP the recovery, marketing and sale efforts for the treasure from the *S.S. Central America*. RLP's partners, including The Dispatch and Mr. Fanta, were granted ownership interests in Columbus Exploration based on their respective ownership interests in RLP, thus making them members of Columbus Exploration.

18. The members of Columbus Exploration, including Plaintiffs, entered into an Operating Agreement, under which Defendants were named directors of Columbus Exploration and Thompson was named chairman of the board of directors. A copy of Columbus Exploration's Operating Agreement is attached as Exhibit 1. This Operating Agreement is the principal source and definition of the fiduciary duties owed by Columbus Exploration's directors, including Defendants, to Plaintiffs and the company's other members.

19. At Defendants' direction, RLP transferred its salvage rights to Columbus Exploration for the treasure that already had been recovered from the *S.S. Central America* (the "Up Treasure") as well as the treasure from the shipwreck that was still on the ocean floor (the

4

"Down Treasure") in exchange for an additional ownership interest in Columbus Exploration for RLP and its partners and certain other consideration. Thereafter, at Defendants' direction, Columbus Exploration took over from RLP the management of operations to market the Up Treasure and also the financing, recovery and marketing efforts regarding the Down Treasure.

20. At Defendants' direction, Columbus Exploration engaged a California company known as California Gold Marketing Group, LLC ("California Gold") to market and sell the Up Treasure.

21. Defendants retained California Gold in or about December 1998 and began marketing the gold for sale in 2000. According to media reports, as of November 2003, California Gold had sold virtually all of the Up Treasure. However, to date, Defendants have not made any cash distributions to Columbus Exploration's members or otherwise provided them with any return on their investment as a result of the sale of the Up Treasure.

22. Moreover, since approximately 2000, Defendants have refused to provide the members of Columbus Exploration, including Plaintiffs, with any meaningful information regarding the company's finances and operations or what happened to Plaintiffs' investment. The Dispatch and Mr. Fanta have been provided no information regarding Columbus Exploration's business expenses, revenues from the sale of the Up Treasure or whether any profit has been realized. Additionally, Defendants have refused to provide The Dispatch, Mr. Fanta and other members of Columbus Exploration with any information as to whether there is any remaining Down Treasure, and if so, what efforts have been made to recover it.

23. The Dispatch and Mr. Fanta sent letters to Columbus Exploration and its directors on September 22, 2004, December 1, 2004, and March 18, 2005, requesting records and information regarding Columbus Exploration's finances and operations. When Defendants

refused to respond, The Dispatch and Mr. Fanta brought an action against Columbus Exploration, RLP and Thompson to obtain the information to which Plaintiffs are entitled. Defendants, however, intentionally blocked discovery in that action, and Defendants authorized Columbus Exploration's counsel to engage in baseless and dilatory tactics to prevent Plaintiffs from obtaining any information as to the status of their investments.

24. Upon information and belief, Defendants, as directors of Columbus Exploration, met at some point in time during the past three years and unanimously voted to preclude Plaintiffs and the other members of Columbus Exploration from accessing the company's books and records and to withhold from the members any information regarding the company's finances and operations, despite the fact that Defendants have a fiduciary obligation to disclose this information to the members. Thereafter, Defendants and the other directors and managers of Columbus Exploration wrongfully and fraudulently concealed this decision from the members of Columbus Exploration in order to prevent the members, including Plaintiffs, from discovering that Defendants had consciously decided to disregard their fiduciary duty to keep the members apprised of the company's financial affairs. Defendants did not disclose their wrongful decision to conceal all financial information from the members until the present dispute arose between Plaintiffs and Defendants in early 2005.

## Count I

### (Breach of Fiduciary Duty)

25. Plaintiffs incorporate by reference Paragraphs 1 through 24 above.

26. Plaintiffs are members of Columbus Exploration and, as members, are owed fiduciary duties and obligations by the company's directors, including Defendants.

27. By operation of law and, specifically, under Columbus Exploration's Operating Agreement, Defendants, as directors, owe a fiduciary duty to the company's members, including Plaintiffs, to provide the company's members with access to various records, including financial records and tax returns. Section 9.02 of Columbus Exploration's Operating Agreement provides:

> (a) The Directors shall direct the officers to keep or cause to be kept complete and accurate books and records of the Company and supporting documentation of the transactions with respect to the conduct of the Company's business. The records shall include, but not be limited to, financial statements of the Company for the three most recent fiscal years, a copy of the Certificate and Operating Agreement, together with any relevant powers of attorney, information regarding the amount of cash or agreed value of property or services contributed or agreed to be contributed in the future by each Member, the respective rights of the Company and each Member regarding the return of contributions, and the Company's federal, state or local tax returns.
>
> (b) The books and records shall be maintained in accordance with sound accounting practices and shall be available at the Company's principal office for examination by any Member at any and all reasonable times during normal business hours. Each Member shall reimburse the Company for all costs and expenses incurred by the Company in connection with the Member's inspection and copying of the Company's books and records.

28. Defendants, as directors of Columbus Exploration, also owe a fiduciary duty under the Operating Agreement to provide each member, including Plaintiffs, with the company's certified year-end financial statements. Section 9.04 of Columbus Exploration's Operating Agreement provides:

> 9.04. Reports. Within ninety (90) days after the end of each taxable year of the Company, the Directors shall cause to be sent to each Person who was a Member at any time during such year the financial statements of the Company for such year, accompanied by a certificate of the chief financial officer of the Company that such financial statements present fairly, in all material respects, the financial position and results of operations and cash flows for the Company at year end and for the year then ended, in conformity with generally accepted accounting principles. In lieu of such

7

> certification, if the financial statements have been reported upon by the Company's independent auditors, a copy of such auditors' report shall be furnished to the Members. . . .

29. On September 22, 2004, December 1, 2004, and March 18, 2005, Plaintiffs sent letters via certified mail to Columbus Exploration, asking that Plaintiffs be provided with copies of Columbus Exploration's financial statements and other financial records for the past four years as well as other information contained in the company's books and records. Copies of these letters are attached as Exhibit 2(A) through 2(D).

30. Defendants received or otherwise are aware of Plaintiffs' several requests for copies of Columbus Exploration's financial statements and other financial books and records.

31. Defendants have refused to provide Plaintiffs with copies of the records they requested and also have not provided Plaintiffs with copies of Columbus Exploration's financial statements as required by Section 9.04 of the company's Operating Agreement.

32. By failing to provide Plaintiffs with copies of the records and information requested in their letters and by making the affirmative decision to withhold the company's financial information from the members, Defendants breached Columbus Exploration's Operating Agreement and violated their fiduciary duties to Plaintiffs and the other members.

33. Defendants' violation of fiduciary duties has caused, and will continue to cause, harm and damage to Plaintiffs, including irreparable harm for which Plaintiffs have no adequate remedy at law, as well as monetary harm in the form of loss of Plaintiffs' investment interest in Columbus Exploration.

34. As directors of Columbus Exploration, Defendants owe fiduciary duties to each of the members, including a duty to provide the members with timely and accurate reporting regarding the operations and finances of the company.

8

35. Plaintiffs are informed and believe that within the past three years, the exact date being unknown to Plaintiffs, the directors of Columbus Exploration, including Defendants, met and unanimously decided to repudiate and disregard their fiduciary obligations by agreeing to withhold from the company's members any information regarding the company's finances and operations. Since making that decision, Defendants have not provided Plaintiffs with any material information regarding Columbus Exploration's financial situation or its operations.

36. Defendants' decision to withhold all material information regarding Columbus Exploration's finances and operations and their actions in withholding that information constitute a willful breach of Defendants' fiduciary duties to Plaintiffs.

37. Upon information and belief, Defendants have refused to disclose information regarding Columbus Exploration's finances and operations in order to conceal mismanagement by the directors and managers of the company, including Thompson and the John Doe defendants. Upon information and belief, this mismanagement has risen to the level of corporate waste and violation of the duty of care, and constitutes a further breach of Defendants' fiduciary duties to Plaintiffs.

38. As a result of the directors' breaches of their fiduciary duties, Plaintiffs have suffered damages in an amount to be determined at trial.

39. Section 11.09 of Columbus Exploration's Operating Agreement provides that any member of the company is entitled to specific performance in the event of a breach:

> Specific Performance. The parties recognize that irreparable injury will result from a breach of any provision of this Agreement and that money damages will be inadequate to fully remedy the injury. Accordingly, in the event of a breach or threatened breach of one or more of the provisions of this Agreement, any party who may be injured (in addition to any remedies that may be available to that party) shall be entitled to one or more preliminary or permanent orders (i) restraining and enjoining any act that would constitute a

breach, or (ii) compelling the performance of any obligation that, if not performed, would constitute a breach.

40. Plaintiffs hereby request injunctive relief in the form of an order for specific performance requiring Defendants, on behalf of Columbus Exploration, to immediately provide Plaintiffs with copies of all of the company's records, reports and financial information requested by Plaintiffs in their September 22, 2004, December 1, 2004, and March 18, 2005 letters, including the company's financial reports as required under Section 9.04 of the Operating Agreement.

41. Without injunctive relief, Plaintiffs will suffer irreparable harm for which there is no adequate remedy at law.

WHEREFORE, Plaintiffs The Dispatch Printing Company and Donald C. Fanta request judgment as follows:

(A) An injunction compelling Defendants to immediately provide Plaintiffs will all records and information relating to Columbus Exploration, LLC that Plaintiffs have requested in writing as well as all records and information to which Plaintiffs are entitled under Columbus Exploration's Operating Agreement;

(B) An award of money damages in an amount to be determined at trial, but not less than $25,000;

(C) An award of costs, expenses, attorney fees, and any other relief the Court deems appropriate.

John W. Zeiger (0010707)
Steven W. Tigges (0019288)
Bradley T. Ferrell (0070965)
ZEIGER, TIGGES & LITTLE LLP
3500 Huntington Center, 41 South High Street
Columbus, Ohio 43215
Telephone: (614) 365-9900
Facsimile: (614) 365-7900

Attorneys for Plaintiffs.

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues triable as of right by a jury.

*[signature]*

John W. Zeiger (0010707)
Steven W. Tigges (0019288)
Bradley T. Ferrell (0070965)
ZEIGER, TIGGES & LITTLE LLP
3500 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 365-9900
Facsimile: (614) 365-7900

Attorneys for Plaintiffs.

157-169:165235

11