IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL WILLIAMSON,
et al.,

      Plaintiffs,

vs.

Case No. C2-06-292
Judge Edmund A. Sargus, Jr.
Magistrate Judge Terence P. Kemp

RECOVERY LIMITED
PARTNERSHIP,
et al.,

      Defendants.

## ORDER

Defendants removed this action, asserting that the Court has original jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1333 (admiralty, maritime and prize cases) because the *Williamson* Plaintiffs' claimed "contractual salvage rights . . . ." (Notice of Removal, ¶ 6 (Doc. #2).) Upon review of Defendants' Motions to Dismiss, the Court notes that The Board Defendants indicate that "[a]fter removal, Defendants promptly moved for the transfer of this case to the Eastern District of Virginia. . . . Only after the removal did the *Williamson* Plaintiffs disclaim rights based on maritime salvage, knowing that they had not met the 1992 deadline for brining a salvage claim in the Eastern District of Virginia." (Defs' Reply, at p. 11.)(Doc #214.)[1]

---

[1] The *Williamson* Plaintiffs first moved to amend their Complaint on January 4, 2007, after the Magistrate Judge denied Defendants' motion to change venue on November 30, 2006. In their memoranda in support of the motion to change venue, Defendants argued that the Virginia district court had jurisdiction over Plaintiffs' salvage claims.

The *Williamson* Plaintiffs' Amended Complaint contains the following claims, which Defendants attack in their Motions to Dismiss on state-law grounds: breach of contract;[2] conversion; constructive trust; breach of fiduciary duties; and request for an accounting. These claims each arise from and relate to the *Williamson* Plaintiffs' Non-Disclosure Agreements and the IDSS Agreement. The Non-Disclosure Agreements, under which disclosure of information regarding the *S.S. Central America* project, do not appear to require the *Williamson* Plaintiffs to perform any maritime service. The IDSS Agreement for rental equipment seems to relate only incidentally to the performance of services on a vessel, but "use [of] the [leased] equipment . . . under its contract with the ship d[oes] not transform the rental contract into a maritime contract." *T. Smith & Son, Inc. v. Rigby*, 305 F. Supp. 418. 420 (D.C. La. 1969). Moreover, if Defendants are correct, the *Williamson* Plaintiffs have abandoned their salvage claims which formed the basis for the Court's exercise of subject matter jurisdiction in admiralty.

In other words, the arguments raised in the parties' Motions to Dismiss implicate whether this case, as opposed to the numerous others that have spawned as a result of the discovery of the *S.S. Central America*, is maritime in nature. The Court questions its subject matter jurisdiction. Although the parties themselves have not raised the issue, the Court is continually obligated to assure itself that subject matter jurisdiction exists. *Campanella v. Commerce Exchange Bank*, 137 F.3d 885, 890 (6th Cir.1998) ("federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists"). For

---

[2] The *Williamson* Plaintiffs assert two breach of contract claims: (1) breach of their Non-Disclosure Agreements; and (2) breach of the agreement with International Deep Sea Survey, Inc. ("IDSS Agreement") related to rental deep sea survey equipment to one or more of the of the Defendants.

this reason, the parties are hereby **DIRECTED** to brief the issue of the Court's subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1333 as follows:

- The *Williamson* Plaintiffs shall submit their Memorandum, not to exceed 10 pages in length, by April 14, 2008.[3]

- Defendants shall submit their responsive Memoranda, also not to exceed 10 pages in length, by April 28, 2008.

Accordingly, Defendants' Motions to Dismiss (Doc. #182, 183 and 187) are, at this juncture, **DENIED WITHOUT PREJUDICE**. The Court will reactivate the Motions, if appropriate, following resolution of the above-referenced issues relating to subject matter jurisdiction.

**IT IS SO ORDERED.**

3-31-2008
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Dispatch and Fanta Plaintiffs may, but are not required to submit a Memorandum on the issue by April 14, 2008 as well.

-3-