IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMSON, et al. | : | Civil Action No. C2-06-292 |
| | : | |
| Plaintiffs, | : | Judge Sargus |
| v. | : | |
| | : | Magistrate Judge Kemp |
| RECOVERY LIMITED PARTNERSHIP, | : | |
| et al., | : | (On Removal from the Franklin County |
| | : | Ohio Court of Common Pleas, Case No. |
| Defendants | : | 06CVH-03-4469) |
| | : | |
| THE DISPATCH PRINTING COMPANY, | : | |
| et al., | : | |
| | : | Judge Sargus |
| Plaintiffs, | : | Magistrate Judge Kemp |
| | : | |
| v. | : | (On Removal from the Franklin County |
| | : | Ohio Court of Common Pleas, Case No. |
| RECOVERY LIMITED PARTNERSHIP, | : | 05CVH-04-4220) |
| et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| THE DISPATCH PRINTING COMPANY, | : | Civil Action No. C2-06-292 |
| et al., | : | |
| | : | Judge Sargus |
| v. | : | |
| | : | Magistrate Judge Kemp |
| GILMAN D. KIRK, et al., | : | |
| | : | (On Removal from the Franklin County |
| | : | Ohio Court of Common Pleas, Case No. |
| Defendants | : | 05CVH-10-11795) |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(C) of the Federal Rules of Civil Procedure and the stipulation of the parties, the Court enters this Protective Order. It is hereby ORDERED THAT:

-1-

1. Designation of Protected Material

1.1 Any party may designate as Highly Confidential Information ("Highly Confidential Information") any documents, answers to written discovery, deposition testimony, exhibits, or other information produced by a witness during depositions of witnesses during September and October, 2008, and during the now scheduled hearing for October 6, 2008 or as it may be rescheduled in the future. Any "Highly Confidential Information" so designated may only be used in connection with these proceedings and shall not be disclosed or utilized in any other respect, except as may be otherwise provided for in this Protective Order.

(a) A party may designate as "HIGHLY CONFIDENTIAL" such materials as the party reasonably and in good faith believes to contain particularly sensitive technical information relating to research for and production of undersea exploration technology; non-public and highly sensitive financial information; marketing and sales information, such as marketing plans and forecasts, customer and vendor lists, pricing data, cost data, customer orders, and computer quotations; any pending or abandoned patent applications, foreign or domestic; and such other documents, information, or materials that relate to other proprietary information that the designating party reasonably believes is of such nature and character that disclosure of such information would be harmful to the designating party.

1.2 The following information shall **not** be designated or protected under this Protective Order:

(a) Information that is in the public domain at the time of disclosure,

including, by way of example only, patent file histories, publicly available prior art publications, catalogs and other advertising materials, press releases, and publicly-filed financial statements;

(b)     Information that at any time is made public through no act of a non-designating party;

(c)     Information that the designating party has not undertaken with others to maintain in confidence and that is in the possession of or becomes available to the receiving party other than through discovery in this action, but only if the receiving party can show by written documentation that the information independently came into its rightful possession; or

(d)     Information that is independently developed by the receiving party, as reflected by written documentation demonstrated to be in existence prior to production by the party claiming confidentiality.

2.     Any "Highly Confidential Information" designation(s) shall be without prejudice to the rights of any other party to object in writing to the designation as unnecessary or improper. The challenging party, however, shall first use informal conciliation attempts as provided in the Local Rules of this Court. If those attempts fail, then the challenging party shall have the right to object in writing to the designating party(s) regarding the propriety or impropriety of the "Highly Confidential Information" designation(s). Such objections should be brief and may be filed in this case. Within ten days from receipt of the written objection, or prior to any hearing at which such produced information is to be offered as evidence, the designating party must file a motion to seek a protective order from this Court or the designation is no longer binding and the

challenged document will not be protected or otherwise treated as "Highly Confidential Information" in this action.  The burdens of proof and persuasion remain with the party(s) seeking the protective order, i.e. the burden of establishing the appropriateness of the designation.  The party claiming that information designated by the other as confidential is in the public domain shall have the burden of proving such public knowledge.  Each party also has the right to apply for a further protective order if it believes greater protection than that afforded herein is necessary for certain information to be produced.  Assuming that the designating party timely files a motion for protective order after receipt of written objection, then the documents are to continue to be treated per the designation until there is a ruling from the Court.

3. The designation of the information as "Highly Confidential Information" for purposes of this order shall be made as follows:

(a) In the case of depositions, the transcript thereof, and exhibits thereto, by a statement on the record by counsel for the party making the disclosure at the time of such disclosure and specifying the category of confidentiality as well as the topics covered with particularity that are covered by the designation.

(b) In the case of deposition testimony, where no 3(a) designation has been made in advance of the testimony, and where counsel for a party believes in good faith, after hearing the witness' deposition testimony that "Highly Confidential Information" has just been disclosed, such counsel may, immediately following the testimony, or even by interrupting the witness' testimony, place an oral designation on the record at the time of the disclosure.

(c) For five (5) business days following the deposition testimony, counsel for any party may by letter to all other counsel further identify any additional designations of "Highly Confidential Information." During this five (5) business day period, the entire content of the deposition testimony is to be kept confidential by all who attend the deposition and who are otherwise subject to this Order.

4. Whenever any "Highly Confidential Information" is disclosed or used at a deposition, (i) each portion of any such testimony in which the "Highly Confidential Information" is disclosed or used shall be conducted with only those persons in attendance who are authorized under this Protective Order to have access to such "Highly Confidential Information;" (ii) the transcript of the confidential portion and all confidential exhibits shall be bound separately after transcription, marked "Confidential – Subject to Protective Order," (or comparable language), and shall thereafter be deemed to be fully subject to the provisions of this Protective Order; and (iii) the confidential transcript and confidential exhibits shall not be filed with this Court except in accordance with Paragraph 5 of this Protective Order.

5. Any "Highly Confidential Information" filed with the Court (including, without limitation, any such material which is revealed by, referred to, summarized in, or attached to any pleadings, affidavits, briefs or memoranda) (i) shall be filed in a sealed envelope bearing a conspicuous notice that the envelope contains "Highly Confidential Information" not to be displayed or revealed except to the attorneys of record in the case, and Court personnel without Order of the Court, and (ii) shall not become a part of the public record of this action, except pursuant to further Order of the Court.

6. "Highly Confidential Information" produced by a party may be disclosed by their

counsel only to the following persons:

 (a) The Court at any pretrial or post-trial state of this action, either *in camera*, or in a sealed envelope, or under such other safeguards as the Court may require in order for "Highly Confidential Information" to be used or introduced at any pretrial or post-trial hearing herein;

 (b) The counsel for the parties in this action actually working on this action (including attorneys who are officers or employees of a party and who are acting purely in a legal and not a business capacity with respect to this action) and paralegals, legal assistants, and secretaries of such counsel actually working on this action;

 (c) Court reporters recording proceedings in this action;

 (d) Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document.

 (e) Witnesses during the course of a deposition to whom "Highly Confidential Information" is necessary to be disclosed.

7. Prior to receiving any Protected Material, any persons described in sections (b) and (e) of paragraph 6 above shall be furnished with a copy of this Protective Order and shall execute a copy of the "Agreement to Abide by Protective Order" attached hereto as Attachment A. A copy of such signed Agreement shall be maintained by counsel for the party providing such access.

8. Exhibits containing "Highly Confidential Information" may be offered into evidence provided the proponent of the evidence gives notice of the intention to offer such

"Highly Confidential Information" at the time the Court requires the parties to identify their hearing exhibits or trial exhibits. Any party who objects to the use of such protected materials as exhibits must promptly file or orally make a motion or objection with the Court and while that motion or objection is pending, the designated material shall continue to be treated confidentially per this Protective Order.

9. Within thirty days after the conclusion of the proceedings in this action, including any settlement, appeals or retrials, all "Highly Confidential Information" shall be returned to the producing party, and any copies or extracts thereof, or documents containing information taken therefrom, shall also be returned to the producing party. Counsel for the receiving parties shall give the producing party a written statement that all such "Highly Confidential Information" (and copies or extracts thereof) have been returned. Each party's outside counsel shall have the right to retain one copy of the pleadings; of motions, memoranda, orders, documents and papers filed with the Court; of deposition or hearing or trial transcripts and exhibits; and of any documents constituting work product, such copy to be subject to this Order and the Court's continuing jurisdiction to enforce this Order.

10. This Protective Order may be construed or modified by the Court, on application of any party or on its own initiative, to insure that adjudication of all issues may be had in the light of all relevant material, admissible evidence without publishing or otherwise destroying the value of any "Highly Confidential Information," except to the extent such publication or destruction cannot be avoided by the Court in the performance of its duties. This Protective Order is not intended to and shall not benefit or be invoked by persons or entities not a party to this lawsuit, unless and until such third parties either agree to be bound by this Protective Order

or are ordered by the Court to be bound by it.

11. The provisions of this Protective Order shall continue to be binding upon all parties and their counsel in this action until the conclusion of this action. The Court retains jurisdiction over the parties and their counsel and all persons who have received "Highly Confidential Information" for enforcement of the provisions of this Protective Order following the conclusion of this action.

12. If "Highly Confidential Information" in the possession of any receiving party is subpoenaed by any court, administrative or legislative body, or by any other person purporting to have authority to subpoena such information, or is the subject of any discovery request under Rules 30-36 of the Federal Rules of Civil Procedure or any comparable rule of court or of any adjudicative body, such subpoena or discovery request (all of which are collectively referred to as a "Third Party Request" herein) the party to whom the Third Party Request is directed (1) will not produce such information without first giving written notice (including a copy of the Third Party Request) to the attorneys of record for the producing party, at least ten days prior to the return date of the Third Party Request (<u>unless</u> the Third Party Request's return date provides less than ten days, in which event the party to whom the Third Party Request is directed shall give immediate notice by facsimile of the receipt of such Third Party Request and shall use its best efforts to obtain time to provide notice as herein required based on this Order until the designating party shall have had a reasonable opportunity to intervene, should it choose to do so); and (2) will furnish a copy of this Order to both the person originating the Third Party Request and the court, legislative body, or other governmental agency responsible for enforcing the Third Party Request, with a statement that the information has been designated as "Highly Confidential

Information" pursuant to this Order. Disclosure of information in response to a properly issued Third Party Request shall not constitute a violation of this Protective Order provided that the party responding to the Third Party Request shall have strictly complied with all material terms of this Order.

IT IS SO ORDERED.

9-19-2008

Edmund A. Sargus, Jr.
United State District Judge

AGREED:

/s/ Richard T. Robol (per tel. authority)
Richard T. Robol (0064345)
Robol Law Office, LPA
433 West Sixth Street
Columbus, Ohio 43201
(614) 737-3739/(614) 737-3756
*Attorney for Defendants*
*Recovery Limited Partnership*
*and Columbus Exploration, LLC*

/s/ William M. Mattes (per tel. authority)
William M. Mattes (0040465)
Dinsmore & Shohl LLP
191 W. Nationwide Blvd., Suite 300
Columbus, Ohio 43215
(614) 628-6880/(614) 628-6890 (Fax)
*Attorney for Defendants*
*Gilman D. Kirk, James F. Turner, Michael*
*J. Ford and W. Arthur Cullman, Jr.*

/s/ James T. Shirley, Jr. (per tel. authority)
James T. Shirley, Jr.
Michael Frevola
Holland & Knight LLP
195 Broadway, 24th Floor
New York, NY 10007-3189
(212) 513-3561/(212) 385-9010 (Fax)

/s/ Rex H. Elliott (per tel. authority)
Rex H. Elliott (0054054)
Charles H. Cooper (0037295)
Cooper & Elliott, LLC
2175 Riverside Drive
Columbus, Ohio 43221
(614) 481-6000/(614) 6001 (Fax)
Attorneys for Defendants
Thomas G. Thompson and
ECON Engineering Associates, Inc.

/s/ Michael R. Szolosi, Sr.
Michael R. Szolosi, Sr. (0022317)
TRIAL ATTORNEY
McNamara and McNamara, L.L.P.
88 East Broad Street, Suite 1250
Columbus, Ohio 43215
(614) 228-6131/(614) 228-6126 (Fax)
Email: mrs@mcnamaralaw.us
*Attorney for Plaintiffs Michael Williamson,*
*Estate of Donald Craft, John Doering, Kirk*
*O'Donnell, Michael Grogan, John Lettow,*
*Timothy McGinnis, Fred Newton, William*
*Watson and International Deep Sea Survey,*
*Inc.*