IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


MICHAEL WILLIAMSON,
    et al.,

        Plaintiffs,

                              Case No. C2-06-292
vs.                            Judge Edmund A. Sargus, Jr.
                              Magistrate Judge Terence P. Kemp

RECOVERY LIMITED
    PARTNERSHIP,
    et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of the Motions to Dismiss filed by Defendant James F. Turner and W. Arthur Cullman, Jr. As set forth in the Motions, Defendant, W. Arthur Cullman ("Cullman"), resigned his position on the Board of Columbus Exploration, LLC on or about October 31, 2005; Defendant, James F. Turner ("Turner"), resigned from the Board on November 28, 2006. These Defendants seek dismissal of the Complaint against them because they are no longer Directors of the Board. These Defendants contend that, to the extent the Plaintiffs seek equitable relief in the form of specific performance to release of business documents, Cullman and Turner have no control or ability to act, as they are no longer directors.

Plaintiffs' original complaint sought an injunction compelling Defendants to provide all records and information related to Columbus Exploration, and monetary damages for alleged breach of fiduciary duty. On December 22, 2008, Plaintiffs, The Dispatch Printing Company and

Donald Fanta, filed an Amended Complaint, and again named Turner and Cullman as Defendants. In their Amended Complaint, Plaintiffs no longer request injunctive relief, but instead seek monetary damages against the Individual Defendants, including Cullman and Turner, for alleged breach of the Columbus Exploration Operating Agreement, breach of implied duty of good faith and fair dealing, and breach of fiduciary duty.

"An amended complaint supersedes the original complaint and renders it of no legal effect." *Fitzpatrick v. Potter*, 2005 WL 2622024 *2 (S.D. Ohio 2005) (citing *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir.1999)). "Moreover, where a plaintiff files an amended complaint which changes the theory or scope of the case, the defendant is allowed to plead anew as though it were the original complaint." *Id.* at *2.

Defendants' Motions to Dismiss (Doc. 286 & 306) are accordingly **DENIED AS MOOT.**[1]

**IT IS SO ORDERED.**

_____1-22-2009_____
**DATED**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] Defendants Cullman and Turner suggest in some of their memoranda relating to their Motions to Dismiss that they have filed a "motion to dismiss the Plaintiffs' motion for damages" against them. There is no such motion pending. In a memorandum in opposition to Plaintiffs' motion for damages, Cullman and Turner asked the Court to dismiss them because they are no longer members of the Board. A statement in a court-filed document, however, as counsel well knows, is not a motion. In any event, these filings have no application to the underlying bases of Defendants Cullman and Turner's instant Motion to Dismiss.

-2-