IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL WILLIAMSON,
    et al.,

        Plaintiffs,

vs.

        Case No. C2-06-292
        Judge Edmund A. Sargus, Jr.
        Magistrate Judge Terence P. Kemp

RECOVERY LIMITED
PARTNERSHIP,
    et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion to Dismiss filed by Defendants Columbus Exploration LLC, Recovery Limited Partnership, Thomas G. Thompson, Econ Engineering ("Defendant Entities"), and the Motion to Dismiss filed by Defendants Gilman Kirk, Jr., James F. Turner, Michael J. Ford and Arthur Cullman, Jr. ("Board Members") pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants seek dismissal of the Amended Complaint filed by Plaintiffs, Michael Williamson, the Estate of Don C. Kraft, Kirk O'Donnell, John Lettow, Timothy McGinnis, Fred Newton, William Watson, Chris Hancock, Dale Schoeneman and International Deep Sea Survey, Inc. ("IDDS") (collectively the "*Williamson* Plaintiffs"). Because Defendants were required by Rule 12(g) to consolidate their defenses with their previous motion under Rule 12(b), they are now prohibited from making another Rule 12(b) motion, and because, in any event, the *Williamson* Plaintiffs' claims satisfy the threshold pleading

requirements to overcome a motion under Rule 12(b)(6), the Motions to Dismiss are **DENIED**.

I.

The *Williamson* Plaintiffs allege in their Amended Complaint that in 1977, Thomas G. Thompson ("Defendant Thompson") began researching deep-ocean shipwrecks and the methods and technologies for locating them. Thompson became particularly interested in the United States Mail Steamship Central America, *S.S. Central America*, which sank off the coast of South Carolina during a hurricane on September 12, 1857. The *S.S. Central America* was carrying several tons of gold when it sank.

Thompson put together a team to conduct a search-and-recovery project for the *S.S. Central America*. He organized Recovery Limited Partnership as an Ohio limited partnership and began to solicit financing. In 1986, Plaintiffs Michael E. Williamson, Don C. Craft, Kirk O'Donnell, John Lettow, Timothy McGinnis, Fred Newton, William Watson, Chris Hancock, and Dale Schoeneman ("Individual Plaintiffs") worked on a vessel to help locate and recover the shipwreck of the *S.S. Central America*. Pursuant to separate contracts entered into between each Individual Plaintiff and Thompson, the Individual Plaintiffs were promised a portion of the "recovery profits." (Exemplary Copy of Non-Disclosure Agreement, attached to First Amended Complaint as Exhibit 1, p. 3, ¶ 7) The Individual Plaintiffs have not been paid any "recovery profits" under the Non-Disclosure Agreements.

Plaintiff IDSS rented a side sonar scan to Defendant Recovery Limited Partnership ("RLP") in 1986. As part of the equipment and services lease agreement ("IDSS Agreement"), IDSS agreed to be compensated, in part, based on a percentage of the "net recovery of the salvage operation." (Exemplary Copy of IDSS Agreement, attached to First Amended

-2-

Complaint as Exhibit 2, p. 2, ¶ 4.5) IDSS also has not been paid any "net recovery" under the IDSS Agreement.

Plaintiffs allege that in the 20 years since the investors initially funded the *Central America* project, Defendants never had indicated that they would not disburse the proceeds of that project. (Am. Compl., ¶¶ 33-35, 42, 45.) Plaintiffs contend that Defendants consistently represented to them that "prosperity was just around the corner" and that they soon would be paid. (*Id.*) According to the *Williamson* Plaintiffs, once they became aware of Defendants' alleged misconduct regarding the financial concerns of the business entities with respect to disposition of the recovered treasure, they commenced the instant lawsuit in the Franklin County, Ohio Court of Common Pleas.[1]

The case was removed to this Court on the basis of admiralty jurisdiction. Once before this Court, Defendants made a motion to dismiss the Williamson Plaintiffs' Complaint on grounds of improper venue under Federal Rule of Civil Procedure 12(b)(3) and lack of subject matter jurisdiction under Rule 12(b)(1). (Doc. #44.) The Court denied the Motion. Thereafter, the *Williamson* Plaintiffs filed an Amended Complaint.

Defendants subsequently filed Motions to Dismiss under Rule 12(b), which the Court denied without prejudice to reinstatement after resolution of questions related to the Court's subject matter jurisdiction. The Court determined that the contracts at issue are maritime in nature, and thus, at least as to the Williamson Plaintiffs's claims, the Court had subject matter

---

[1] For purposes of brevity, the Court will not recite the full history of the litigation in this case. For context, the *Williamson* Plaintiffs intervened in a earlier-filed case involving The Dispatch Printing Company and other investors against the Defendant Entities and the Board Members.

jurisdiction.

The Court noted that Defendants' motions to dismiss, as originally filed, relied on state-law principles to argue that the *Williamson* Plaintiffs' claims should be dismissed because, at the time, Defendants maintained that the contracts involved in the instant case were non-maritime contracts governed by the law of the State of Ohio, and that the liability of the Director Defendants arose from Delaware LLC statutes. The Court also noted that Defendants did not address, for instance, federal admiralty common law as it relates to the piercing-the-corporate-veil issues or the maritime-laches arguments raised by the *Williamson* Plaintiffs.

As a matter of fairness, however, the Court granted leave to Defendants to file renewed motions to dismiss so as to re-frame their arguments consistent with the Court's conclusions related to the maritime nature of the contracts. Those Motions are now before the Court for consideration.

## II.

Federal Rule of Civil Procedure 12(g)(2) provides as follows:

Limitation on Further Motions. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

If a defendant exercises the option to raise certain defenses under Rule 12(b) by preliminary motion, that party is "bound by the consolidation principle in Rule 12(g), which contemplates a single pre-answer motion in which the defendant asserts all the Rule 12 defenses and objections that are then available to him or her. The rule generally precludes a second motion based on any Rule 12 defense or objection that the defendant could have but neglected to raise in the original

motion." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 1385.

As the Court of Appeals for the Sixth Circuit has observed:

> Subdivision (g) contemplates the presentation of an omnibus pre-answer motion in which defendant advances every available Rule 12 defense and objection he may have that is assertable by motion. He cannot delay the filing of a responsive pleading by interposing these defenses and objections in piecemeal fashion but must present them simultaneously. Any defense that is available at the time of the original motion but is not included, may not be the basis of a second pre-answer motion.

*English v. Dyke*, 23 F.3d 1086 (6th Cir. 1994) (quoting *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir.1978)). Furthermore, "[f]he filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in a timely fashion prior to the amendment of the pleading." Wright & Miller, *supra*, at § 1388.[2]

Rule 12(g), however, does prohibit a party who makes a Rule 12 motion that omits a Rule 12 defense available at the time from making a subsequent motion based on the omitted defense. *English,* 23 F.3d 1086. "[E]ven though a Rule 12(b) motion has been made and a second Rule 12(b) motion is not permitted, the three defenses listed in Rule 12(h)(2) [including failure to state a claim upon which relief may be granted] may be raised on a motion under rule 12(c) for judgment on the pleadings, on a summary judgment motion, or at trial." Wright & Miller, *supra*, at § 1385.

Here, Defendants' Motion to Dismiss under Rule 12(b)(6) will be denied for failing to interpose all of its defenses and objections that it had available to them when they filed their first

---

[2] With the exception of the penalty wage claim asserted by the Estate of Don C. Craft, Defendants cannot object to the allegations that were presented in the first complaint by serial Rule 12(b) motions. Fed. R. Civ. P. 12(g).

motions under Rule 12, as required by Rule 12(g). Defendants were required by Rule 12(g) to present any of their defenses simultaneously. The consequence of the consolidation provision of Rule 12(g) is that Defendants' previous Motion to Dismiss for lack of proper venue or subject matter jurisdiction bars the Defendants from asserting another Rule 12(b) defense by a subsequent pre-answer motion. Defendants have not asserted, and the record cannot support a conclusion, that they had no knowledge of the bases of the defenses they raise in the instant Motions to Dismiss at the time they filed their first motions under Rule 12(b).

That the Court granted leave to Defendants to file another motions to dismiss in light of its decisions regarding it admiralty subject matter jurisdiction does not change this outcome. The Court granted leave to resubmit motions to dismiss as a matter of fairness to Defendants so that they could reorganize their arguments to address the proper law. At no time did the Court comment on the *Williamson* Plaintiffs' contentions, made in their memorandum in opposition to Defendants' original motions to dismiss, that Rule 12(g) barred their attempt at a "second bite at the apple." Moreover, nothing in the Court's Order granting leave prohibited Defendants from addressing Plaintiffs' anticipated Rule 12(g) argument, which they could have reasonably expected given that it was asserted in Plaintiffs' first memorandum in opposition. Defendants' Motions to Dismiss are, therefore, **DENIED**.

The Court is mindful, however, that though its second Rule 12(b) motions have been prohibited, Defendants may raise the defenses in a post-pleading dispositive summary judgment motion, or at trial. The Court finds this option particularly appropriate because, a review of the *Williamson* Plaintiffs' Amended Complaint reveals that they have satisfied their pleading obligations sufficient to withstand a challenge under Rule 12(b)(6).

In reviewing a motion to dismiss under Rule 12(b)(6), the Court "must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Id.* (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). While a plaintiff's complaint need not make detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions," and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, the allegations "must do more than create speculation or suspicion of a legally cognizable action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredensen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555) (emphasis in original).

Defendants contend that they cannot be held liable under Delaware LLC law, that certain equitable claims fail to state a claim upon which relief may be granted, and that certain statute of limitations have run. The *Williamson* Plaintiffs, however, have sufficiently pleaded all the material allegations in their Amended Complaint as to whether the entity Defendants and Board Members are direct defendants to the contracts at issue. The *Williamson* Plaintiffs' Amended Complaint has also alleged sufficient facts upon which, if proven, could support an alter-ego theory. They are entitled to discovery on the level of any one director's authority as well as

whether the corporate Defendants are so interrelated as to void the fiction of a corporate veil. Moreover, matters related to the statutes of limitations and the equitable doctrine of laches are inherently fact specific and thus not amenable to dismissal at the pleading stage. For these reasons, and those set forth above, Defendants' Motions to Dismiss are **DENIED**.

### III.

The Defendant-Entities' Motion to Dismiss (Doc. 460) is **DENIED**. The Defendant Board Members' Motion to Dismiss (Doc. 461) is **DENIED**.

**IT IS SO ORDERED.**

9-30-2009
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**