IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michael H. Williamson, et al., :

    Plaintiffs, : Case No. 2:06-CV-0292

  -vs- : JUDGE SARGUS

Recovery Limited Partnership,
et al., :

    Defendants. :

## ORDER

This case is before the Court to consider separate motions to stay discovery filed by all of the defendants. Responsive and reply memoranda have been filed, with the latter having been filed on January 25, 2010. For the following reasons, both motions to stay discovery will be denied.

### I. Background

The background of these two motions is not complicated. Shortly after the defendants filed their amended answers to the amended complaint, they all moved for judgment on the pleadings. As part of their motion, defendants Cullman, Ford, Kirk, Thompson and Turner moved for a stay of all discovery until their motion was decided. In a motion filed separately from the motion for judgment on the pleadings, defendant Columbus Exploration, LLC moved for similar relief. The arguments made are identical, however - that the motions for judgment on the pleadings have the potential, if granted in whole or in part, either to narrow the issues or dismiss some parties from the case, and that to allow discovery to proceed before they are decided would be wasteful and inefficient. That is especially so here, they assert because of the large number of parties involved - 26 in total, on both sides of the case, the large number of different law firms (six) which represent those parties, and the large number of

depositions (over three dozen) that are contemplated.

Plaintiffs counter that these motions are not terribly different from motions which the defendants have filed in the past, and that the law of the case doctrine dictates their denial. They also assert that staying discovery is inconsistent with this Court's expressed intent to "fast-track" this case - which is approaching its fourth birthday in this Court, and which was filed earlier than that in state court - and the pretrial order setting up an ambitious schedule for doing just that. They also note that the stay requested would be open-ended and entirely dependent on when the Court might rule on the motions for judgment on the pleadings. In their replies, defendants argue that plaintiffs do not take issue with how inefficient it would be to do discovery without knowing how the motions will turn out, and that it cannot simply be assumed that the Court will take an inordinately long time to advise the parties of its decision. The motions for stay are considered under the following standard.

## II. Applicable Legal Principles

A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court. Chrysler Corp. v. Fedders Corp.. 643 F.2d 1229 (6th Cir. 1981). In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery. Additionally, the Court is required to take into account any societal interests which are implicated by either proceeding or postponing discovery. Marrese v. American Academy of Orthopedic Surgeons, 706 F.2d 1488, 1493 (7th Cir. 1983). When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery. Id.

However, one argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6). As one court has observed,

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.... Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, cf. Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990). See also Turner Broadcasting System, Inc. v. Tracinda Corp., 175 F.R.D. 554, 556 (D. Nev. 1997) ("a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery...."). Thus, unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion.

### III. Legal Analysis

-3-

Applying these principles to this case, the Court concludes that a stay of discovery is not appropriate. Although the assigned District Judge will be the one ruling on the motions for judgment on the pleadings, and it is not the intent of this order to predict what that ruling might be, it is by no means self-evident that the motions will be granted either in whole or in part. Thus, considering simply the likelihood that the case will be dismissed or significantly narrowed by a ruling on the motions, this appears to be exactly the type of "garden variety" case where a stay is not warranted.

Certainly, the number of parties, the breadth of the discovery contemplated, and its potential expense are factors that may differentiate this case from the more typical case involving only a few parties and a few depositions involving witnesses within this judicial district. However, these considerations do not outweigh the need to have this case adjudicated promptly. Further, even if some of the parties are dismissed or their involvement is limited by rulings on the pending motions, they still appear to have a substantial interest in the outcome of the case. There are also methods available for participating in depositions from remote locations which can be used to reduce the burden on them of going forward with the litigation while their motions are pending. Finally, it is extremely unlikely that the bulk of the discovery will take place before the motions are decided. It is important for the discovery process to begin now so that this start-up time is not deferred until after the motions are resolved, but the parties will undoubtedly have the benefit of the Court's ruling before the entirety of the expensive discovery detailed in defendants' motion will actually occur. Consequently, the additional factors identified by defendants do not tip the scales in favor of a stay.

The Court notes that defendants have cited <u>Gettings v. Building Laborers Local 310 Fringe Benefits Fund</u>, 310 F.3d 300 (6th Cir. 2003) as authority for their motion. That case holds, however, consistent with the authorities cited above, that the trial courts have broad discretion to stay discovery while preliminary legal matters - especially those whose disposition would not be impacted by facts learned through discovery - are under advisement. Although the stay in that case was upheld, that occurred under an abuse of discretion standard, which means simply that the Court of Appeals was not left with the definite and firm conviction that the trial court's ruling was erroneous. <u>See Paschal v. Flagstar Bank</u>, 295 F.3d 565, 576 (6th Cir. 2002). Had the trial court's ruling been otherwise, it likely would have been affirmed under the same deferential standard of review. The question here is not whether the Court of Appeals has, in some cases, upheld the type of stay which defendants have requested, but whether it would be a sound exercise of this Court's discretion to grant it. For all of the reasons set forth above, the Court concludes that it would not be. Thus, the defendants' motions will be denied.

### IV. <u>Disposition and Order</u>

Based on the foregoing, the motions of defendants Arthur Cullman, Jr, Michael J. Ford, Gilman Kirk, Thomas G. Thompson & James F. Turner (part of #506) and of defendant Columbus Exploration, LLC (#508) for a protective order staying discovery are denied.

### V. <u>Appeal Procedure</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or

part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge