IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL E. WILLIAMSON, et al.

    Plaintiffs,

v.

RECOVERY LIMITED PARTNERSHIP, et al.

    Defendants.

Case No. 2:06-cv-292

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE TERENCE P. KEMP

## OPINION AND ORDER

This matter is before the Court for consideration of the motion for judgment on the pleadings by defendants Columbus Exploration, LLC; Recovery Limited Partnership; Econ Engineering Associates, Inc.; Columbus-America Discovery Group, Inc.; Columbus Exploration Limited Partnership; Omni Engineering, Inc.; Omni Engineering of Ohio, Inc.; Economic Zone Resource Associates, Inc.; Economic Zone Resource Associates, Ltd.; EZRA, Inc.; EZRA of Ohio, Inc.; and DOE.E, Inc. ("Defendant Entities"), and the motion for judgment on the pleadings by defendants Gilman D. Kirk, Jr., James F. Turner, Michael J. Ford, and Arthur Cullman, Jr. ("Board Member Defendants") and Thomas G. Thompson ("Thompson"). Defendants seek judgment in their favor on the claims asserted in the First Amended Complaint by plaintiffs Michael Williamson, the Estate of Don C. Craft, Kirk O'Donnell, John Lettow, Timothy McGinnis, Fred Newton, William Watson, Chris Hancock, Dale Schoeneman, and International Deep Sea Survey, Inc. ("IDDS") (collectively, the "*Williamson* Plaintiffs"). These motions have been fully briefed and are now ripe for disposition. For the reasons that follow, the Defendant Entities' motion for judgment on the pleadings will be granted in part and denied in part, and the Board Members' and Thompson's motion for judgment on the pleadings will be

granted in part and denied in part.[1]

## I. Background

The facts and relevant procedural history of this case have been adequately articulated in this Court's September 30, 2009, order (DE 481) and thus need not be repeated in full here. For purposes of this order, the following abbreviated procedural history will suffice.

The defendants separately filed motions to dismiss the Amended Complaint for failure to state a claim upon relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). In those motions, the defendants relied upon state-law principles as grounds for dismissal, arguing that the contractual dispute giving rise to the *Williamson* Plaintiffs' claims were non-maritime contracts governed by the law of the State of Ohio. The Court denied those motions based upon its conclusion that the contracts at issue in this action were maritime in nature. In denying the motions, this Court granted the defendants leave to file renewed motions to dismiss to re-frame their arguments within the relevant framework under maritime law.

The defendants then separately filed subsequent Rule 12(b) motions to dismiss. The Court denied those motions.

Thereafter, the defendants separately filed motions for judgment on the pleadings pursuant to Rule 12(c). In their motion, the Board Member Defendants and Thompson contend that the *Williamson* Plaintiffs' claims must fail for the following reasons: (1) any claims to recover remuneration for aid or salvage services are time-barred by statute under admiralty law or by the doctrine of laches; (2) the Board Member Defendants are not liable to the *Williamson* Plaintiffs for breach of contract because the Board Member Defendants were not parties to the contracts at issue, or alternately, because under Delaware law, as managers of an LLC, they are not liable to third parties for the contractual obligations of the LLC; (3) the claims for

---

[1] The Board member Defendants and Thompson's filing included two motions, one for judgment on the pleadings, and one to stay proceedings. The magistrate judge assigned to this case denied the motion to stay by order entered on February 10, 2010. (DE 519).

2

conversion, constructive trust, and breach of fiduciary duty are time-barred by statute, or alternately, under Delaware law, the Board Member Defendants are not liable to third parties for the LLC's obligations arising under tort; (4) the penalty wage claim is prohibited by statute; (5) the *Williamson* Plaintiffs are not entitled to an accounting because they are not shareholders or members of any defendant entity and are therefore owed no fiduciary duty by any defendant; and (6) the *Williamson* Plaintiffs' amended complaint does not contain sufficient factual allegations to support an attempt to "pierce the corporate veil" and find individual Board Member liability based on an alter-ego theory.

The Defendant Entities' motion for judgment on the pleadings contains the following substantially similar arguments: (1) any claims to recover remuneration for aid or salvage service are time-barred by statute under admiralty law or by the doctrine of laches; (2) the breach of contract claims fail to state a basis for a novation or other act that would create a binding obligation on defendant Columbus Exploration; (3) the claims for conversion, constructive trust, and breach of fiduciary duty are time-barred by statute, or alternately, that no legal basis exists for imputing the alleged tortious and inequitable conduct to defendant Columbus Exploration; (4) plaintiff Don C. Craft's penalty wage claim is prohibited by statute; and (5) the *Williamson* Plaintiffs are not entitled to an accounting because they are not shareholders or members of any defendant entity and are therefore owed no fiduciary duty by any defendant.

In response, the *Williamson* Plaintiffs contend that the Court has already ruled on the merits of the defendants' assertions in their motions for judgment on the pleadings. In their view, the pending motions must be denied based on the "law of the case doctrine." The *Williamson* Plaintiffs also respond to the motions' assertions by incorporating by reference their consolidated response to defendants' second Rule 12(b) motions to dismiss.

The defendants filed separate but substantially similar replies. They maintain that they are permitted under Rule 12(c) to re-assert the same grounds and arguments for judgment on the

3

pleadings as they did in their second Rule 12(b) motions. They also contend that the "law of the case doctrine" has no application in this case.

## II. Analysis

### A. Standard of Review

The Federal Rules of Civil Procedure provide that, "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment may be granted under Rule 12(c) where the moving parties clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law. *Beal v. Missouri Pacific R.R.*, 312 U.S. 45 (1941); 5 C. Wright & A. Miller, Federal Practice and Procedure (hereinafter Wright & Miller) § 1368, p. 518.

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard of review as a Rule 12(b)(6) motion. *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005). Accordingly, in reviewing a motion for judgment on the pleadings under Rule 12(c), the Court "must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them relief." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). To survive a motion for judgment on the pleadings, the "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Id.* (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require 'detailed factual allegations.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[a] pleading

4

that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'"; "[n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). Moreover, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it] '[is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 129 S. Ct. at 1949–50 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).

### B.  This Court's Prior Determinations

The Court denied the defendants' second Rule 12(b) motions to dismiss under Rule 12(g) because the subsequent motions asserted defenses that the defendants could have but neglected to raise in their original motions. The Court also set forth additional reasons for denying the motions and proceeded to explain why, in this action, the appropriate juncture at which the defendants could re-assert the failure-to-state-a claim defenses raised in their second Rule 12(b) would be in a post-pleading dispositive summary judgment motion, or at trial. First, the Court observed that pursuant to Rule 12(h), the failure-to-state-a claim grounds for dismissal that the defendants asserted in their second Rule 12(b) motions would as a general matter be the proper subject for a Rule 12(c) motion for judgment on the pleadings, a motion for summary judgment, or a motion at trial. In this case, however, the Court determined that the *Williamson* Plaintiffs have satisfied their pleading obligations sufficient to withstand a challenge under Rule 12 (b)(6) on their claims for breach of contract, conversion, constructive trust, breach of fiduciary duty, and request for an accounting and that they are entitled to discovery on those claims, including

discovery on matters related to corporate veil-piercing . The Court also specifically determined that matters related to statutes of limitations and the equitable doctrine of laches are inherently fact specific and thus not amenable to dismissal at the pleading stage.

In setting forth their respective positions on the defendants' motions for judgment on the pleadings, the parties dispute whether the "law of the case" doctrine applies to this action. This question need not be addressed. The Court has previously determined that the *Williamson* Plaintiffs have stated sufficient facts to survive a motion to dismiss and to proceed with discovery on their claims for breach of contract, conversion, constructive trust, breach of fiduciary duty, and request for an accounting. Because the standard for a motion for judgment on the pleadings is the same as that for a motion to dismiss, the Court, having reviewed the pleadings and the relevant law, finds no reason to disturb its previous determinations regarding those claims, regardless of whether the "law of the case" doctrine does or does not apply. Accordingly, the defendants' motions for judgment on the pleadings will be denied as to these claims.

Plaintiff Don C. Craft's penalty-wage claim, however, presents a different matter. The Court has not specifically addressed this issue, and turns to it now.

### C. Penalty-Wage Claim

Count IV of the *Williamson* Plaintiffs' First Amended Complaint alleges that the Estate of Don C. Craft is entitled to payment of penalty-wages under 46 U.S.C. § 10313. The defendants contend that the penalty-wage claim fails to state a claim upon which relief can be granted because the statutory provision the *Williamson* Plaintiffs invoke does not apply to the outstanding sum owed under Don C. Craft's contract. The defendants are correct.

Title 46, Section 10313 of the United States Code provides in pertinent part:

> (f) At the end of a voyage, the master shall pay each seaman the balance of wages due the seaman within 24 hours after the cargo has been discharged or within 4 days after the seaman has been

6

> discharged, whichever is earlier. . . .
>
> (g)When payment is not made as provided under subsection (f) of this section without sufficient cause, the master or owner shall pay to the seaman 2 days' wages for each day payment is delayed.

46 U.S.C § 10313(f)-(g). Another section of the statute, however, explicitly states that "[t]his chapter does not apply to a vessel on which the seamen are entitled . . . by agreement to share in the profit . . . of a voyage." 46 U.S.C. § 10301(b).

The parties agree that Don C. Craft was paid the sum-certain wages to which he was entitled under his contract and that the outstanding amount owed to him was a .15 percentage of the profit of the recovery based upon an express agreement. The *Williamson* Plaintiffs claim that, despite the profit-sharing agreement, the penalty-wage provision does apply. They contend that the general provisions of § 10301 do not displace the more specific provisions of § 10313. They direct the Court's attention to § 10313(h), which provides that "subsections (f) and (g) do not apply to a fishing or whaling vessel or a yacht." In the *Williamson* Plaintiffs' view, the term "share in the profit" in the general provision—i.e., § 10301(b)—applies to the types of vessels listed in § 10313(h) because fishing and whaling voyages pay crewmembers in percentages of the catch for the voyage, and a separate section of the statute governs agreements of seamen on those voyages. *See* 46 U.S.C. § 10601 *et seq*. The *Williamson* Plaintiffs cite no authority for this construction, and the Court is not persuaded to adopt it.[2] The Court finds the more logical interpretation to be that § 10301(b) displaces the penalty-wage provision at § 10313 for any

---

[2] The only case the Williamson Plaintiffs cite, *Massett v. The Explorer*, 89 F.Supp. 477 (E.D. La. 1950), is inapposite. In *Massett*, the court applied 46 U.S.C. § 592, the predecessor statute to 46 U.S.C. § 10313(b), which is an entirely different provision from those at issue in this action. According to the court, Title 46 U.S.C. § 592 stated that "no right to wages shall be dependent on the earning of freight by the vessel and the seamen who would be entitled to demand and receive any wages if the vessel on which he has [sic] served had earned freight shall be entitled to claim and recover wages in spite of the fact that the voyage was unprofitable." Id. At 478. The court found that the plaintiff seamen were entitled to wages despite the vessel's failure to earn a profit because the exclusion provision in effect at the time, 46 U.S.C. § 544, did not apply given that vessel's voyage "was not 'in the coastwise trade, . . . or in the lake-going trade touching at foreign ports or otherwise, in the trade between the United States and the British North American possessions." *Id*. At 478. Although § 544 also contained an exclusion for profit-sharing agreements, that exclusion comprised no part of the court's analysis. Moreover, in this case, unlike the *Massett* plaintiffs, who received no wages, Craft has received his daily wages.

7

seaman who has entered into a profit-sharing agreement with the vessel owner or master, and that § 10301(h) merely carves out an additional exception to the penalty-wage provision for fishing or whaling vessels and for yachts, irrespective of whether the seamen on board those vessels have entered into a profit-sharing agreement.

Because Don C. Craft entered into a profit-sharing agreement, § 10301(b) bars recovery under the penalty-wage provision of § 10313. Count IV therefore fails as a matter of law. Accordingly, the defendants' motions for judgment on the pleadings under Rule 12(c) will be granted as to this count.

### III. Conclusion

For the reasons discussed above, the Court **GRANTS IN PART and DENIES IN PART** the Defendant Entities' motion for judgment on the pleadings (DE 507), and **GRANTS IN PART and DENIES IN PART** the Board Members' and Thompson's motion for judgment on the pleadings (DE 506). The penalty-wage claim asserted against the defendants in Count IV of the *Williamson* Plaintiffs' amended complaint is **DISMISSED**.

**IT IS SO ORDERED.**

9-24-2010
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

8