**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Michael H. Williamson, et al., | : | |
| | : | |
| Plaintiffs, | : | Case No. C2-06-292 |
| | : | |
| v. | : | Judge Sargus |
| | : | |
| Recovery Limited Partnership, et al., | : | Magistrate Judge Kemp |
| | : | |
| Defendants. | : | |

**DEFENDANT ENTITIES' RESPONSE TO PLAINTIFFS MOTION FOR
DISQUALIFICATION AND CROSS MOTION FOR DISQUALIFICATION OF
MICHAEL FREVOLA, ESQ.**

**FACTS**

Robol Law Office, LLC represent Defendants Recovery Limited Partnership, Columbus

Exploration Limited Partnership, Columbus Exploration, LLC, Columbus-America Discovery

Group, Inc., *et al.*  Many months ago, the Firm's managing member, Richard T. Robol, Esq.,

requested that the parties to this proceeding attempt to enter a stipulation as to any facts that they

desired from other counsel.  Declaration of Richard T. Robol, Esq., 5-16-11, pg. 1.  Plaintiffs

have not agreed to the proposal and there appears to be no reasonable prospect of such a

stipulation.  *Id.*  Because Plaintiffs are barred from obtaining privileged information and details

involving settlement negotiations,[1] and because counsel has very limited information on other

subjects, there may be little, if anything, left in the way of relevant facts obtainable from counsel;

---

[1] Evidence regarding settlement negotiations among the parties are the subject of Defendants' pending in limine
motion to exclude.

however, without the stipulation any specific objections will now have to wait until counsel for the Plaintiffs and Defendants testify.

On January 10, 2011, the Court ordered that any motion to disqualify should be filed by February 1, 2011.  Doc. 534.  No party motion filed a timely motion.

On May 9, 2011, Plaintiffs confirmed their intent to call Mr. Robol as a witness at trial. *See id.* (referencing Doc. 612 (Plaintiffs Notice of List of Witnesses, 9-9-11),

On April 22, 2011, Plaintiffs filed their Motion for Disqualification. (Doc. 545)

## ARGUMENT

## I.     PLAINTIFFS' MOTION IS UNTIMELY.

The Court's Order of January 10, 2011 plainly stated that motions for disqualification were required to be filed by February 1, 2011.  Plaintiffs did not file a motion.   Three and a half months have transpired since the Court's Order and Plaintiffs have made no effort to seek a rehearing or move that the Order be altered or amended.

Plaintiffs waited until nine weeks before trial to file their motion.  Their motion is untimely.

## II.    MOTIONS FOR DISQUALFICATION ARE STRONGLY DISFAVORED IN OHIO.

In light of the fundamental right of each American citizen to choose his/her /own counsel, disqualification motions are disfavored.   Even in egregious circumstances, motions for disqualification are strongly disfavored:

> As the court held in *Spivey v. Bender* (1991), 77 Ohio App.3d 17, 22, 601 N.E.2d 56, 58-59, disqualification " 'should ordinarily be granted only when a violation of the Canons of the Code of Professional Responsibility poses a significant risk of trial taint.' " *Id.,* citing *Glueck v. Jonathan Logan, Inc.* (C.A.2, 1981), 653 F.2d 746.

2

*Jackson v. Bellomy* (Ohio App. 10 Dist. 1995)*,* 105 Ohio App.3d 341, 349, 663 N.E.2d 1328, 1333. *See also A.B.B. Sanitec West, Inc. v. Jeffrey J. Weinsten* (8th Dist.)*,* 2007 -Ohio- 2116, at ¶ 12 (motions to disqualify "'should be viewed with disfavor because of their potential to interfere with a defendant's right to choose his own counsel and their "strong potential for abuse.") (quoting *United States v. Poulsen* (2006), S.D. Ohio Case No. CR2-06-129).

In *Kitts v. U.S. Health Corp. of S. Ohio* (4th Dist. 1994), 97 Ohio App.3d 271, 275-77, 646 N.E.2d 555, 558-59, for example, the Court refused to grant a motion for disqualification based on an alleged conflict of interest.  Noting that the appearance of impropriety is insufficient, as a matter of law, to warrant disqualification, the Court observed:

> The disqualification of counsel is a drastic measure. A violation of the Code of Professional Responsibility, alone, should not result in disqualification, unless it is absolutely necessary. Furthermore, disqualification should not be based solely upon allegation of a conflict of interest.  Even if the requested disqualification is allegedly based on ethical considerations, the party moving for disqualification still bears the burden of demonstrating the need to disqualify counsel. When the moving party cannot demonstrate the necessity to disqualify counsel, disqualification is improper. *Centimark,* syllabus.

*Kitts*, 97 Ohio App.3d at 275-77, 646 N.E.2d at 558-59

## III.  PLAINTIFFS HAVE FAILED TO CARRY THEIR HEAVY BURDEN OF PROVING THE ELEMENTS FOR DISQUALIFICATION BASED ON A LAWYER'S ROLE AS A WITNESS.

Plaintiffs predicate their Motion on Rule 3.7(a) of the Professional Rules of Conduct.  Rule 3.7(a) provides that:

> A lawyer *shall not* act as an advocate at a trial in which the lawyer is likely a necessary witness unless one or more of the following applies:…(3) the disqualification of the lawyer would work substantial hardship on the client.

Plaintiffs have failed to prove that the disqualification of Mr. Robol would not work a

3

substantial hardship on the Defendant entities.  This is not surprising: it is self-evident that disqualifying Mr. Robol would create a serious hardship for the Defendant entities.

Trial is now six weeks away.  The parties have devoted an enormous amount of time, energy and resources analyzing the issues and preparing the facts.  Given the complexity of the facts and issues in this case, the importance of their trade secrets, and the unusual business and culture of Defendants in fostering radical innovation in the field of shipwreck exploration and recovery, it would be unfair to disqualify Defense counsel at the eleventh hour.

**IV. DEFENDANTS' COUNSEL IS IN AGREEMENT THAT IF THE COURT DEEMS THAT THE COUNSEL'S TESTIMONY IS REQUIRED TO ADDRESS MATERIAL ISSUES, DEFENSE COUNSEL WILL VOLUNTARILY WITHDRAW IF REMEDIAL MEASURES CAN BE IMPLEMENTED TO MITIGATE THE RESULTING HARDSHIP TO DEFENDANTS/**

Defendants have filed an in limine motion excluding testimony as to settlement negotiations among the parties.  If the Court denies that motion and/or otherwise deems that counsel's testimony is required to address material issues, defense counsel will voluntarily withdraw provided that remedial measures are implemented to avoid substantial hardship to Defendants.[2]

Due to the complexity and special circumstances of this case, Defendants would need time to find new counsel; to provide new counsel the information and materials needed to serve as trial counsel; and to permit new counsel an opportunity to evaluate the case and to prepare for trial.  New counsel would require  a minimum of several months to get up to speed.

Given that Plaintiffs have created this situation, remedial measures are not unreasonable.

_____

[2]Under separate cover, Robol Law Office will be filing a Conditional Motion to Withdraw.

Plaintiffs first disregarded the Court's order setting a deadline for filing motions for disqualification. They then compounded the problem by refusing stipulations among the parties designed to attempt to resolve factual issues and avoid the necessity for testimony by counsel. They then brought matters to a head by filing their motion little more than two months before trial.

## V.   THE COURT SHOULD GRANT DEFENDANTS' CROSS MOTION TO DISQUALIFY MICHAEL J. FREVOLA, ESQ.

By way of Cross Motion, Defendants respectfully request that the Court disqualify Michael Frevola, Esq. as counsel for the Plaintiffs.

First, having filed their Motion for Disqualification after the February 1, 2011 deadline, Plaintiffs may not now invoke that deadline, themselves.

Second, it is clear that Mr. Frevola should be disqualified based on the very authorities invoked by Plaintiffs in their Motion for Disqualification. *See* Rule 3.7(a), Profess'l R. Conduct Mr. Frevola is a key witness regarding Plaintiffs' unclean hands; laches; breach of their contracts; admissions by his former partner, James Shirley, Esq.; and other issues. He was a personal witness to, and a direct participant in, the recent attachments in the Southern District of New York. (In fact, he was the verifying party). He was also intimately involved in, and familiar with, the prior attachments in the Southern District of New York, as well as the attachments in the Central District of California. Mr. Frevola was well aware that the Court had admonished Plaintiffs that there were to be "no more attachments." Should the Court determine to allow evidence regarding communications among Mr. Shirley, Mr. Robol and Mr. Douglas, Mr. Frevola also is personally aware of the statements and admissions made by James T. Shirley, as well as the Plaintiffs' alleged excuse for delay in filing their claims and laches. His testimony

5

will be important to addressing Defendants' defenses of not only laches but also unclean hands and failure to perform—as well as each of Defendants' counterclaims.

Finally, Plaintiffs would not suffer substantial hardship from disqualifying Mr. Frevola. Unlike the Defendant Entities- who currently do not have any counsel than Robol Law Office-- the Plaintiffs are fortunate to have highly skilled, eminent counsel, Michael Szolosi, Esq. representing their interests. Mr. Solozi's Firm is based in Columbus, and the Plaintiffs are very well represented with Mr. Szolosi and his Firm serving as counsel.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for disqualification. If the Court deems that the testimony of counsel is relevant to material issues at trial, Robol Law Office has agreed to voluntarily withdraw from representation, subject to reasonable remedial measures to mitigate unreasonable hardship to their clients. Finally, the Court should grant Defendants' Cross Motion to Disqualify Michael Szolosi, Esq.

Respectfully submitted,

/s/ Richard T. Robol
Richard T. Robol (0064345)
Rachel Chodera Monaghan (0084112)
ROBOL LAW OFFICE, LLC
433 West Sixth Avenue
Columbus, Ohio 43201
(614) 737-3739
(888) 308-0622 (Facsimile)
Attorney for Defendants
Recovery Limited Partnership,
Columbus Explorations Limited Partnership,
Columbus Exploration, LLC,
Columbus-America Discovery Group Inc.,
DOE.E Inc., ECON Engineering Associates Inc.,
EZRA Inc., EZRA of Ohio Inc.,
Economic Zone Resource Associates Inc.,

6

Economic Zone Resource Associates Ltd.,
Omni Engineering Inc., and
Omni Engineering of Ohio Inc.


**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a copy of the foregoing was sent via the Court's

ECF system to all counsel of record this 16th day of May, 2010.


/s/ Richard T. Robol
Richard T. Robol

7