IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL E. WILLIAMSON,
et al.,

        Plaintiffs,

   v.

RECOVERY LIMITED
PARTNERSHIP, et al.,

        Defendants.

Case No. 2:06-CV-292
JUDGE SARGUS
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

This matter is before the Court for consideration of the Williamson Plaintiffs' Motion to Disqualify Richard Robol as Trial Counsel for the Entity Defendants (Doc. 599) and Robol and Rachel Chodera Monaghan's Conditional Motion to Withdraw as Counsel (Doc. 622). For the reasons set forth herein, Robol and Monaghan's conditional motion to withdraw is **GRANTED**, and Plaintiffs' motion to disqualify Robol is **DENIED WITHOUT PREJUDICE**.

### I. Background

The Williamson Plaintiffs ("Plaintiffs") move to disqualify Richard Robol as trial counsel for Defendants Recovery Limited Partnership; Columbus Exploration, LLC; Columbus-America Discovery Group, Inc.; Economic Zone Resource Associates, Inc.; EZRA, Inc.; and ECON Engineering Associates, Inc. (collectively the "Entity Defendants") on the grounds that Robol's appearance as a witness in the upcoming trial in this matter would violate Rule 3.7(a) of the Ohio Rules of Professional Conduct. Rule 3.7(a) provides that:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:
>
> (1) the testimony relates to an uncontested issue;

> (2) the testimony relates to the nature and value of legal services rendered in the case;
>
> (3) the disqualification of the lawyer would work substantial hardship on the client.

OHIO R. PROF. CONDUCT 3.7(a). A trial court possesses "the inherent authority of dismissal or disqualification from a case if an attorney cannot, or will not, comply with the Code of Professional Responsibility when representing a client." *Mentor Lagoons, Inc. v. Rubin*, 510 N.E.2d 379, 382 (Ohio 1987).

To their professional credit, Robol and his associate, Rachel Monaghan, have also moved to conditionally withdraw from representing the Entity Defendants stating that "[i]f the Court determines that counsels' testimony goes to a material issue, and if the substantial hardship to counsel's clients from withdrawal can be eliminated, counsel are amenable to withdrawal." (Doc. 622-1 at 2.) The Court appreciates the candor and professionalism of both counsel.

By Opinion and Order dated June 3, 2011, the Court granted in part and denied in part the Parties' respective cross-motions for summary judgment, significantly narrowing the issues to be tried.[1] Issues left to be resolved at trial include whether any profits were made by Defendants from the salvage of the S.S. Central America ("Central America") and whether the Entity Defendants should be held liable on the contracts that are the subject of this action either directly or on alter ego or veil piercing theories. (*See* Doc. 646 at 51.) Additionally, the Court held that the remaining issues will be tried to the Court as opposed to a jury. (*See* Doc. 646 at 49.)

Trial in this matter had been set for Monday, June 27, 2011. However, because the Court granted the motion to withdraw of counsel for Defendant Thomas G. Thompson, the trial was rescheduled to October 17, 2011. (Doc. 657.) As explained below, the Court finds that Robol is likely a necessary witness in this case whose testimony will thus be material. As the trial

---

[1] A detailed discussion of the facts of this case can be found in that Opinion and Order.

2

postponement will adequately remediate possible prejudice or substantial burden to the Entity Defendants, the Court grants Robol and Monaghan's motion to withdraw.

## II. Discussion

### A.

As an initial matter, the Court first briefly addresses the timeliness of Plaintiffs' motion. Robol's response in opposition to the motion points out that Plaintiffs' motion was not timely filed in accordance with the Court's Order of January 10, 2011, which required the filing of motions to disqualify opposing counsel on or before February 1, 2011. (Doc. 534.) While Plaintiffs were nearly three months late in filing their motion, considerations going to the integrity of the judicial process outweigh the Court's prerogative in managing its docket in this instance, and the Court will accordingly consider Plaintiffs' motion. *See Amos v. Cohen*, 806 N.E.2d 1014, 1017 (Ohio Ct. App. 2004) ("When a trial attorney in a pending case requests permission to testify or is called to testify, the trial court has a corresponding duty to supervise attorney conduct and to prevent potential violations of the Code of Professional Conduct.") Plaintiffs will strictly comply with the Court's scheduling directives as the case progresses.

### B.

Plaintiffs contend generally that Robol has personal knowledge regarding the financial results of the group of individuals and entities that salvaged the Central America and his testimony will thus be required to establish whether profits or net recovery were achieved on the Central America's recovery. They further contend that Robol has personal knowledge concerning the interrelationships and corporate practices of the Entity Defendants and his testimony will accordingly be required to establish alter ego liability. Specifically, Plaintiffs claim that Robol is an officer of Defendants Columbus-America Discovery Group, Inc. and

EZRA, Inc., and has represented several of the Defendants in this action at least since the late nineteen-eighties. They also point to correspondence and communications between Robol and Plaintiffs concerning the valuation of Plaintiffs' share of the recovery. Plaintiffs contend that Robol's testimony on these issues may not be obtainable elsewhere.

Ohio Rule of Professional Conduct 3.7(a) applies in situations where a lawyer is a "necessary" witness. Under Ohio law, an attorney is a necessary witness if the "counsel's testimony is relevant and material to the determination of the issues being litigated and unobtainable elsewhere." *Brown v. Spectrum Networks, Inc.*, 904 N.E.2d 576, 580 (Ohio Ct. App. 2008). The "necessary witness" analysis under Rule 3.7(a) overlaps with Robol and Monaghan's motion to withdraw as they have conditioned their motion in part on the Court first determining that Robol's testimony is material to the issues to be tried.

Robol has not generally refuted Plaintiffs' allegations concerning his involvement with the Entity Defendants, nor has he refuted their claim that his testimony on certain points may be unavailable elsewhere. Robol's testimony is both material and relevant. As stated *supra*, the remaining issues to be tried include whether Defendants' efforts to salvage the Central America resulted in a profit, and, if so, whether liability arising under the agreements that are the subject of this suit should attach to the Entity Defendants. Of relevance to the former issue are the costs incurred in the salvage action and the revenue generated through the sale of the Central America's treasure. Factors of relevance to the latter issue include but are not limited to the degree of control exercised by certain other Defendants over the Entity Defendants and whether corporate formalities were observed. According to Plaintiffs, Robol has personal knowledge of these issues through his long history of involvement with Defendants in varying capacities. Robol is thus a necessary witness.

Under Ohio law, the next step in the required analysis under Rule 3.7(a) is to determine if any of the enumerated exceptions, including substantial hardship, are present. *Id.* at 581. Robol asserts that his disqualification would work a substantial hardship on his clients. However, as Robol and Monaghan's motion to withdraw is also conditioned on the Court taking steps to alleviate any resulting hardship, given the continuance, the Court does not find substantial hardship present in this case, but will instead grant the conditional motion to withdraw. In this regard, at the time Plaintiffs' motion to disqualify was filed, trial was rapidly approaching in this matter, and Robol and Monaghan stated their concerns that new counsel would thus not have adequate time to familiarize themselves with the complex facts of this case. These concerns were not without merit. The Court's decision to delay trial in this matter by approximately four months has changed the circumstances underlying this analysis considerably. In the Court's view, the delay will provide the Entity Defendants with ample time to find new counsel and new counsel with ample time to prepare for the trial. Thus, Robol and Monaghan's concerns regarding substantial hardship are ameliorated by the adjusted case schedule, and the Court grants their conditional motion to withdraw. Good cause for the withdrawal is present as Robol's testimony in this case would pose the risk of a violation of the Ohio Rules of Professional Conduct were he to continue as trial counsel.

### III.

For the above-stated reasons, Robol and Monaghan's Conditional Motion to Withdraw as Counsel (Doc. 622) is **GRANTED**. As the Court does not reach the issue of whether Robol's disqualification would be mandatory, the Williamson Plaintiffs' Motion to Disqualify Robol as Trial Counsel for the Entity Defendants (Doc. 599) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**

6-22-2011
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**