IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL E. WILLIAMSON,
et al.,

        Plaintiffs,

v.

RECOVERY LIMITED
PARTNERSHIP, et al.,

        Defendants.

Case No. 2:06-CV-292
JUDGE SARGUS
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

This matter is before the Court for consideration of the Williamson Plaintiffs' Motion for Modification of Stay (Doc. 680) and the Williamson Plaintiffs' Renewed Motion for Plaintiffs' Counsel to Have Access under This Court's Protective Orders (Docs. #172 and #335) to the KPMG Report and Accountants' Work Papers (Doc. 656). For the reasons stated below, the motion to modify the stay is **GRANTED in PART**, while the motion for access to the report and work papers is **DENIED**.

I.

A.

By Opinion and Order dated June 3, 2011, this Court, *inter alia*, granted the Williamson Plaintiffs' motion for summary judgment as to the Entity Defendants' counterclaims. (*See* Doc. 646.) On July 5, 2011, the Entity Defendants filed a notice of an interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(3) of the Court's Order of June 3rd and the Court subsequently issued an Order staying this action pending the resolution of the appeal. The Williamson Plaintiffs have now moved to modify the stay to allow the discovery depositions of four witnesses in California to go forward and to allow supplemental disclosure of discovery material to proceed.

**B.**

Pursuant to 28 U.S.C. § 1292(a)(3), in admiralty actions such as this, appeals may be taken from interlocutory decrees that determine "the rights and liabilities of the parties." *Id.* This phrase "'has been repeatedly interpreted to require a decision on the merits of the claims or defenses underlying the dispute as a predicate for [appellate] jurisdiction.'" *Lipscomb v. Ind. Gaming Co.*, No. 99-6081, 1999 WL 801582, at *1 (6th Cir. Sept. 24, 1999) (quoting *City of Fort Madison v. Emerald Lady*, 990 F.2d 1086, 1089 (8th Cir. 1993)).

"In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985). In the context of interlocutory appeals filed pursuant to § 1292, certain proceedings before the District Court may continue during the pendency of the appeal. *See Ex parte Nat'l Enameling & Stamping Co.*, 201 U.S. 156, 162 (1906) ("The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such appeal had been taken, unless otherwise specially ordered."); *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 301 (4th Cir. 2000) ("as with other interlocutory appeals under § 1292, the trial court has authority to pursue its own proceedings filed when a § 1292(a)(3) appeal is pending"). For instance, courts have held that issues related to discovery may proceed during the pendency of interlocutory appeals. *See Macon v. Bailar*, 428 F. Supp. 182 (E.D. Va. 1977).

The Williamson Plaintiffs seek a modification of the stay that would allow them to depose certain witnesses in California, require Defendants to provide previously ordered discovery and supplemental discovery, and require Defendants to exchange trial exhibits. These matters are not directly implicated by the Entity Defendants' appeal and thus modification of the

stay would not interfere with the appeal. Accordingly, this Court is not otherwise deprived of jurisdictional authority to modify the stay to grant the Williamson Plaintiffs the relief they have requested and to allow certain aspects of this case to move forward. As noted by the Williamson Plaintiffs, partially modifying the stay would serve to expedite proceedings and the eventual trial in this matter, which has already been pending for over five and one-half years.

Accordingly, Defendants are ordered to comply with the requirements of Rule 26(e) and supplement their discovery disclosures and responses. Defendants are also ordered to provide heretofore withheld discovery materials, including the corporate minutes referred to in the Williamson Plaintiffs' motion to modify the stay. However, the Court declines to order the exchange of trial exhibits at this time. The scope of the issues eventually tried before this Court will ultimately be resolved by the pending appeal, and the exchange of trial exhibits against the backdrop of such uncertainty would not be beneficial.

With regard to the proposed depositions of the California witnesses, the Court sets a telephone status conference for Thursday, November 10, 2011 at 10 a.m. to discuss issues related to the Williamson Plaintiffs' requested relief. The Williamson Plaintiffs have requested the Court to "issue an order directing the subpoenas to be classified as court-approved discovery," (Doc. 680-1 at 4), but have not cited authority supporting the Court's authority to do so. The subpoenas were issued under the auspices of the United States District Court for the Central District of California, and this Court ordinarily lacks jurisdiction over subpoenas issued in another district. *See Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 468 (6th Cir. 2006); *In re Digital Equip. Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) ("While the Oregon district court initially has exclusive jurisdiction to rule on the objections, it may in its discretion remit the matter to the court in which the action is pending. [ ] Absent such transfer, however, the

3

District Court for the District of South Dakota lacks jurisdiction to rule on Dean and Hovemann's objections, including their claims of privilege."). Further, while the Individual Defendants have argued to this Court that the subpoenas are improper on several grounds, parties to an action normally lack standing to challenge the validity of subpoenas issued to non-party witnesses. *See Mann v. Univ. of Cincinnati*, Nos. 95-3195 & 95-3292, 1997 WL 280188, at *4 (6th Cir. May 27, 1997). Accordingly, in the Court's view, the status conference will clarify these and other issues related to the California subpoenas.

## II.

Also pending before the Court is the Williamson Plaintiffs' Renewed Motion for Plaintiffs' Counsel to Have Access Under This Court's Protective Orders (Docs. #172 and #335) to the KPMG Report and Accountants' Work Papers (Doc. 656). For the reasons stated in the Court's Order of September 23, 2010 (Doc. 526), which addresses a similar motion previously filed by the Williamson Plaintiffs, the current motion is denied.

## III.

For the above-stated reasons, the Williamson Plaintiffs' Motion for Modification of Stay (Doc. 680) is **GRANTED in PART**; and the Williamson Plaintiffs' Renewed Motion for Plaintiffs' Counsel to Have Access under This Court's Protective Orders (Docs. #172 and #335) to the KPMG Report and Accountants' Work Papers (Doc. 656) is **DENIED**.

Defendants are ordered to comply with the requirements of Rule 26(e) and supplement their discovery disclosures and responses, and to provide heretofore withheld discovery materials, including the corporate minutes referred to in the Williamson Plaintiffs' motion to modify the stay. A telephone status conference is set for Thursday, November 10, 2011 at 10

a.m. to discuss the subpoenas issued in the Central District of California. Chambers will initiate the call.

**IT IS SO ORDERED**

11-4-2011
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**