# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MICHAEL H. WILLIAMSON, et al.,

    Plaintiffs,

v.

RECOVERY LIMITED
PARTNERSHIP, et al.,

    Defendants.

Case No. 2:06-cv-292
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on Defendants' Emergency Motion for Stay Orders Pending Appeal or, in the Alternative Suspension of Preliminary Injunction ("Defendants' Motion to Stay or Suspend Injunction"). (Doc. No. 752.) For the reasons that follow, the Court **DENIES** Defendants' Motion to Stay or Suspend Injunction.

### I. BACKGROUND

On June 18, 2012, Plaintiffs moved for a preliminary injunction and/or prejudgment attachment ("Plaintiffs' Motion"). (Doc. No. 707.) Defendants were permitted time to file memoranda in opposition to the motion (Docs. No. 712, 714), and Plaintiffs filed a reply brief in support of their motion (Doc. No. 718). The Court held a hearing on Plaintiffs' Motion on July 17 and 18, 2012, accepting evidence and oral argument. On July 18, 2012, from the bench the Court granted Plaintiffs' Motion, as set forth in an Order issued that day. (Doc. No. 738.) The Court indicated that a full opinion would be forthcoming, which was issued on July 31, 2012. (Doc. No. 750.)

## II. STANDARD

Defendants move for a stay pursuant to Rule 8(a) of the Federal Rules of Appellate Procedure and Rule 62(c) of the Federal Rules of Civil Procedure. In determining whether a stay should be granted under Appellate Rule 8(a) or Civil Rule 62(c), a court must consider the same four factors that are traditionally considered in determining whether to grant a preliminary injunction. *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). These factors are the following: 1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent a stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay. *Mich. Coal of Radioactive Material Users, Inc.*, 945 F.2d at 153. The moving party has the burden of showing a combination of these factors to persuade the court to grant their motion.

## III. ANALYSIS

In the instant action, the Court considered carefully the four factors set out above and determined that Plaintiffs had met their burden of showing that they were entitled to the requested injunctive relief. (Doc. No. 50.) Defendants now ask this Court to again consider these four factors with the only difference being that the burden of proof is now on Defendants. Defendants, however, present nothing new in their motion that was not already presented to this Court in their memoranda in opposition to Plaintiffs' Motion. Instead, Defendants merely repackage the arguments in a motion, which requires the Court to, in essence, reconsider its Opinion and Order granting Plaintiffs' Motion.

For example, the Court previously found that Plaintiffs are likely to succeed on the merits

of their breach of contract claim. Defendants now argue that they are likely to succeed on the merits of their appeal because Plaintiffs are not likely to succeed on the merits of their breach of contract claim. The reasons given by Defendants are the same reasons given in their memoranda in opposition to Plaintiffs' motion, *e.g.*, Defendants are essentially bankrupt and have received no profit on the treasure and, "[w]ithout recovery, there is not need for a preliminary injunction or prejudgment attachment." (Doc. No. 752 at 4.) Defendants similarly argue under the remaining factors the Court previously considered, *e.g.*, Plaintiffs have an adequate remedy at law and therefore will not suffer irreparable injury, Defendants' will be irreparably harmed by the injunction, this Court lacks jurisdiction to consider Plaintiffs' Motion, etc... For the same reasons the Court previously was not persuaded by these arguments, it remains unpersuaded. (*See* Doc. No. 750.)

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendants' Motion to Stay or Suspend Injunction. (Doc. No. 752.)

**IT IS SO ORDERED.**

8-6-2012
**DATE**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**

3