UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL H. WILLIAMSON, et al.,

    Plaintiffs,

v.

RECOVERY LIMITED
PARTNERSHIP, et al.,

    Defendants.

Case No. 2:06-cv-292
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Seal Declaration of Thomas G. Thompson (Doc. No. 756) and Defendants' Motion to File Transcript Of July 17-18, 2012 Hearing Under Seal to Allow for Review for Designations Consistent with the Protective Order (Doc. No. 749).

In Defendants' Motion to Seal Declaration of Thomas G. Thompson, Defendants contend that "the document should be protected under the protective order in this case [because] [t]he corporate entities have an interest in preserving the privacy of the information contained within the Declaration as it relates to its operations." *Id.* at 2. Defendants go on to posit that "[a] close reading of the Declaration provides details of the at sea or stateside status of the operations of the entities and an approximate timeline for each." *Id.* This Court, however, disagrees. There is nothing in the Declaration that is confidential or subject to any protective order, not does it relate to Defendants' at sea or stateside operations or any other trade secret or proprietary information.

Similarly, in Defendants' Motion to File Transcript Of July 17-18, 2012 Hearing Under Seal to Allow for Review for Designations Consistent with the Protective Order, Defendants fail to show that the contents of the hearing are confidential. Indeed, Defendants moved in court to have the hearing closed, which the Court denied. During the hearing, each time Defendants believed that potentially confidential information was going to be divulged, they moved to have it sealed. At times, the Court directed the Court Reporter to seal certain testimony. Defendants have failed to show why these precautions are insufficient to protect any potentially confidential information.

Federal district courts possess the discretion to seal documents; however, that discretion is circumscribed by the long-established legal tradition regarding the presumptive right of the public to inspect judicial documents and files. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165 (6th Cir. 1983) (citations omitted). *See also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n. 17 (1980) (noting "that historically both civil and criminal trials have been presumptively open"); *see also id.* at 599 (stating that "the First and Fourteenth Amendments clearly give [ ] the press and the public a right of access to trials themselves, civil as well as criminal") (Stewart, J., concurring). The circumstances *sub judice* do not warrant the exceptional action of sealing Mr. Thompson's Declaration or the transcript of the Court proceedings.

Accordingly, the Court **DENIES** Defendants' Motion to Seal Declaration of Thomas G. Thompson (Doc. No. 756) and Defendants' Motion to File Transcript Of July 17-18, 2012 Hearing Under Seal to Allow for Review for Designations Consistent with the Protective Order

2

(Doc. No. 749). Defendants are **DIRECTED** to file forthwith the unredacted copy of Thompson's Declaration.

**IT IS SO ORDERED.**

8-6-2012
DATE

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**

3