IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael Williamson, et al., | : | |
| Plaintiffs, | : | Case No. C2-06cv292 |
| -vs- | : | Judge Algenon L. Marbley |
| Recovery Limited Partnership, et al., | : | Magistrate Judge Terence Kemp |
| Defendants. | : | |

**MOTION OF DEFENDANTS RECOVERY LIMITED PARTNERSHIP
AND COLUMBUS EXPLORATION, LLC
TO VACATE PARAGRAPHS 1 AND 5 OF THE COURT'S
JULY 18, 2012 ORDER (#738) AND TO
REMAND THE WILLIAMSON PLAINTIFFS' REMAINING
CLAIM TO FRANKLIN COUNTY COMMON PLEAS COURT
FOR RESOLUTION IN THE PENDING RECEIVERSHIP**

For the reasons stated in the accompanying memorandum, defendants, Recovery Limited Partnership ("RLP") and Columbus Exploration, LLC ("CXLLC"), move the Court for an order **(1)** vacating paragraphs 1 and 5 of the July 18, 2012 Order [ECF No. 738] and **(2)** remanding the Williamson plaintiffs' remaining claim to the Franklin County Common Pleas Court for resolution in the pending receivership in Franklin County consolidated case numbers 05-CV-4220, 05-CV-11795, and 06-CV-4469.

                                                               Respectfully submitted,

                                                               /s/ James S. Savage
                                                               James S. Savage, Trial Attorney    (0019292)
                                                               jssavage@earthlink.net
                                                               McFadden Winner Savage & Segerman, LLP
                                                               175 South Third Street
                                                               Suite 350

Columbus, OH 43215
Phone (614) 221-8868
Fax 221-3985
*Counsel for Defendants Recovery Limited
Partnership and Columbus Exploration, LLC*

**MEMORANDUM IN SUPPORT**

I.  **PROCEDURAL BACKGROUND**

The third of those consolidated cases (Franklin County Case No. 06-CV-4469) is this case. The Williamson plaintiffs filed it in state court by "invok[ing] the 'savings to suitors' clause of 28 U.S.C. §1331(1), which preserves the ability of plaintiffs to bring general maritime law claims in state court, as long as the proceeding is *in personam* and not *in rem*."[1] As another district court in this Circuit recently emphasized, "even if the suit falls within this Court's maritime jurisdiction, the Supreme Court has clearly held that the 'saving' clause [in section 1333(1)] leave[s] state courts competent to adjudicate maritime causes of action in proceedings *in personam*, that is, where the defendant is a person, not a ship or some other instrument of navigation."[2]

After they filed the case in Franklin County Common Pleas Court, the Williamson plaintiffs asked that it be consolidated with two earlier cases filed by The Dispatch Printing Company and Donald Fanta (the "Dispatch Plaintiffs"), against the same defendants. All parties agreed to the consolidation. Through predecessor counsel, the defendants then removed the consolidated cases to this Court. This Court concluded that it had subject matter jurisdiction

---

[1]  *In re: Dale Chimenti, et al.*, 79 F.3d 534, 536 (6th Cir. 1996) (citing *Madruga v. Superior Court of California*, 346 U.S. 556, 560-61 (1954)).

[2]  *Kiesgen v. St. Clair Marine Salvage, Inc.*, 724 F.Supp.2d 721, 726 (E.D. Mich., 2010) (quoting *In re: Dale Chimenti,* 79 F.3d at p. 537).

over the plaintiffs' claims,[3] that it should decline to exercise supplemental jurisdiction over the Dispatch Plaintiffs' claims, and remanded the Dispatch Plaintiffs' claims to state court.[4] Following this Court's ruling on cross-motions for summary judgment, the issue on the Williamson plaintiffs' remaining claim for breach of the maritime contracts is the amount of damages, which will require that the percentages in the various contracts be multiplied against either "recovery profits" or "net recovery," depending upon the contract.[5]

On June 14, 2013, the Franklin County Common Pleas Court appointed Ira O. Kane as the receiver for RLP and CXLLC in the consolidated cases.[6] Finding "clear and convincing evidence" that the state of RLP and CXLLC "is essentially that of great disarray . . . , coupled with a lack of functional management," the Court designated Mr. Kane as its representative in "tak[ing] any action necessary in order to take and keep possession of the property of" RLP and CXLLC.[7] The Receiver is required to "use the technology and inventions developed by RLP and conduct such maritime operations that are designed to make a positive financial return for the companies";[8] that is, the recovery of any down treasure from the *Central America* that remains at the bottom of the ocean. The significant progress towards that objective for the benefit of all creditors and stakeholders of RLP and CXLLC is detailed in the Receiver's plan, approved by the

---

[3] Doc. #441, filed January 29, 2009.

[4] Doc. #469, filed March 11, 2009.

[5] Doc. #646, filed June 3, 2011, pp. 39-40.

[6] June 14, 2013 Entry Appointing Receiver (attached as Exhibit "A").

[7] *Id*. at pp. 2-3.

[8] *Id*. at p. 2.

Franklin County Common Pleas Court on October 10, 2013 and attached to this memorandum.[9]
The Plan includes a procedure by which these plaintiffs will have the amount of their claim conclusively determined within the next ninety (90) days. All claimants will be paid at the same time upon the recovery of the down treasure, which is planned for the summer of 2014, or from proceeds from the sale of assets belonging to RLP and CXLLC.

## II. APPLICABLE LAW

### (A) The Court Should Exercise Its Discretion To Vacate Paragraphs 1 And 5 Of Its July 18, 2012 Order.

Following a hearing held on July 17-18, 2012, this Court issued a preliminary injunction pursuant to Ohio's prejudgment attachment statute.[10] Most of the order pertains to defendant Thomas G. Thompson, but two paragraphs pertain to the property belonging to RLP or CXLLC, and now within the scope of the entry appointing the Receiver:

\* \* \*

1. <u>The Court orders the attachment of the seven (7) crates (or more) of artifacts warehoused on Joyce Avenue</u>, Columbus, Ohio, and owned by Columbus Exploration, LLC or any other Defendant Entity. These crates are not to be moved, encumbered or sold without further order of this Court.

\* \* \*

5. <u>The Court</u> issues a preliminary injunction against the Defendant Entities <u>prohibiting them from making any transfer of assets beyond those within the normal or ordinary course of business</u> for such recurring expenses as are anticipated. Any other transfers require further approval of this Court

---

[9] October 10, 2013 Entry and attached Plan (attached as Exhibit "B").

[10] R.C. §2715.01(A)(8), (9). The Order is Doc. #738.

-4-

after notice and hearing.[11]

The preliminary injunction was grounded on the Court's concern, appropriate at the time, about "improper conduct" by prior management of RLP and CXLLC, including the filing of a bankruptcy petition in the United States Bankruptcy Court for the District of Delaware "on the same day that the Ohio state court receivership proceedings commenced."[12] The concerns underlying the order no longer exist. The bankruptcy petition was dismissed shortly after it was filed, the evidentiary hearing on the Dispatch Plaintiffs' motion for a receiver occurred, and Mr. Kane was appointed as the Receiver for the benefit of all creditors and stakeholders, including the plaintiffs.

However, there is a conflict between the entry requiring the Receiver to take control of and manage the property of RLP and CXLLC and paragraphs 1 and 5 of the July 18, 2012 Order. The leading case on such a conflict is the United States Supreme Court's decision in *Penn General Casualty Co.*[13] That case involved competing cases (one in federal court, the other in Pennsylvania state court) over the control of the assets of an insolvent insurance company. The federal court case was filed first. That court issued an injunction, barring anyone from taking possession of the insurance company's property.[14] Thereafter, the state court ordered the acting insurance commissioner, as receiver and conservator, to take possession of the insurance company's property. Because of the federal court's injunction, the insurance company refused to

---

[11] Doc. #738 (emphasis added).

[12] Doc. #750, filed 07/31/12, at p. 4.

[13] *Penn General Casualty Co. v. Pennsylvania Ex. Rel. Schnader*, 294 U.S. 189 (1935).

[14] 294 U.S. at p. 195.

comply with the state court's order.[15]

The Supreme Court held that "the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other."[16] Although the federal court had first acquired jurisdiction over the property, the Supreme Court held that it should exercise its discretion to relinquish jurisdiction:

> Although the district court has thus acquired jurisdiction, the end sought by the litigation in the state court is the liquidation of a domestic insurance company by a state officer. In the absence of a showing that the interests of creditors and shareholders would not be adequately protected by this procedure, the case was a proper one for the district court, in the exercise of judicial discretion, to relinquish the jurisdiction in favor of the administration by the state officer.[17]

More recently, the principal was reiterated by the Sixth Circuit Court of Appeals in the *Jacobs* case:

> It is a well-settled rule that when a State Court has taken possession of or jurisdiction over property in an *in rem* or *quasi in rem* proceeding, the Federal Courts cannot exercise jurisdiction over the same property in such a way as to interfere with the orderly disposition of the litigation by the State Court.[18]

Consistent with the Supreme Court's decision in the *Penn General Casualty* case, RLP and CXLLC request that the Court exercise its discretion to relinquish jurisdiction over certain assets by vacating paragraphs 1 and 5 of its July 18, 2012 Order. Relinquishing jurisdiction over

---

[15] *Id*.

[16] *Id.*

[17] 294 U.S. at p. 197.

[18] *Jacobs v. DeShetler*, 465 F.2d 840, 842 (6th Cir. 1972).

these assets will facilitate the orderly administration of the receivership for the benefit of all the creditors and original investors in RLP.

### B. This Court Should Remand Plaintiffs' Breach Of Contract Claim For Resolution In The Pending State Receivership.

In the *Romine* case, the Sixth Circuit Court of Appeals noted that "despite the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them' (citation omitted), considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts."[19]

Continuing, it held that "[e]xact parallelism is not required; it is enough if the two proceedings are substantially similar."[20] In the present case, the receivership proceeding includes all claims (like those of the Williamson plaintiffs) arising out of the recovery efforts of the same shipwreck. The receivership proceeding has a binding claims adjudication process with a short time window. If this Court abstains, the amount of plaintiffs' damages for breach of contract can be determined as part of that parallel proceeding, and they will share, with other similarly-situated claimants, in any amount realized from the recovery of the down treasure and the assets of RLP and CXLLC. At all times, and in all respects, the process will be supervised by the Franklin County Common Pleas Court.

A few months ago, the United States District Court for the Northern District of Ohio, in the *Browning* case, abstained from exercising jurisdiction over claims related to a pending state receivership, and remanded them to common pleas court for resolution as part of the

---

[19] *Romine v. CompuServe Corp*. 160 F.3d 337, 339 (6th Cir. 1998) (quoting *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800, 817 (1976)).

[20] *Romine*, 160 F.2d at p. 340.

-7-

receivership.[21]  After concluding that these claims could be decided as part of the receivership, the court listed and applied the factors identified by the Supreme Court in the *Colorado River* case:

> Once the district court finds the proceedings sufficiently parallel, it is within its discretion to abstain under *Colorado River* after considering the following factors:
>
> (1)  whether the state court has assumed jurisdiction over any res or property;
>
> (2)  whether the federal forum is less convenient to the parties;
>
> (3)  avoidance of piecemeal litigation;
>
> (4)  the order in which jurisdiction was obtained;
>
> (5)  whether the source of governing law is state or federal;
>
> (6)  the adequacy of the state court action to protect the federal plaintiff's rights;
>
> (7)  the relative progress of the state and federal proceedings; and
>
> (8)  the presence or absence of concurrent jurisdiction.[22]

Application of these factors supports abstention and remand in this case.  The state court has assumed jurisdiction over all of the assets (or *res*) of RLP and CXLLC following a three (3)

---

[21] *Browning v. Gotham King Fee Owner, LLC*, Case No. 1:13CV1549, 2013 U.S. Dist. LEXIS 126072 (N.D. Ohio; Sept. 4, 2013).

[22] *Browning*, 2013 U.S. Dist. LEXIS 126072 at *8-9.  *See also Grimes v. Crown Life Ins. Co.*, 857 F.2d 699, 703-704 (10th Cir. 1988) (reversing District Court's decision not to abstain) ("Thus, given the traditional federal deference provided to state receivership proceedings, … most federal courts have declined to exercise jurisdiction in disputes like this one which present themselves in the larger context of state liquidation proceedings.  (citations omitted)"); *Republic Bank of Chicago v. Lighthouse Management Group, Inc.*, 829 F.Supp.2d 766, 778 (D. Minn. 2010).

week evidentiary hearing on the background of RLP and CXLLC, and will be undertaking through its receiver to initiate recovery operations during the 2014 recovery season. Trying the claims in this forum would lead to piecemeal litigation - the consideration identified by the Supreme Court in the *Moses H. Cone* case as paramount,[23] and more fundamentally, will not further the Williamson plaintiffs' interest. Any judgment entered against RLP or CXLLC in this case must be presented to the Receiver for payment and if not presented within the deadline, will be uncollectible.[24] Jurisdiction was vested in the state court first, and the Receiver was only recently appointed because of opposition by prior management of RLP and CXLLC. Although the claim is for breach of a maritime contract, it will be resolved by reference to hornbook contract law, which is the same, whether Ohio law (as required in the contracts) or federal common law is applied. Finally, the state court receivership proceeding is ideally suited to protect the Williamson plaintiffs' rights by resolving their claim under the supervision of the state court in the next ninety (90) days. As the court did in the *Browning* case, this Court should abstain from exercising jurisdiction over the Williamson plaintiffs' remaining claim and remand it to the Franklin County Common Pleas Court.

## III. CONCLUSION

Accordingly, RLP and CXLLC respectfully request that the Court vacate paragraphs 1 and 5 of its July 18, 2012 Order, and abstain from deciding and instead remand the Williamson

---

[23] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

[24] *See Modart, Inc. v. Penrose Industries Corp.*, 293 F.Supp. 1116, 1120 (E.D. Pa. 1967) ("Any judgment on a claim outside the receivership is only a decree that the defendant-debtor pay the plaintiff; if the judgment creditor wants to share, he must prove his claim to the appointing court and get an order to the effect that the judgment establishes his right to share -- share with other creditors.").

plaintiffs' remaining breach of contract claim to the Franklin County Common Pleas Court for resolution as part of the pending receivership.

Respectfully submitted,

/s/ James S. Savage
James S. Savage, Trial Attorney (0019292)
jssavage@earthlink.net
McFadden Winner Savage & Segerman, LLP
175 South Third Street, Suite 350
Columbus, OH 43215
Phone (614) 221-8868/Fax 221-3985
*Counsel for Defendants Recovery Limited Partnership and Columbus Exploration, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2013, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

/s/ James S. Savage
James S. Savage