| | | |
|---|---|---|
| **MICHAEL H. WILLIAMSON, et al.,** | : | |
| | : | **Case No. C2-06-292** |
| Plaintiffs, | : | |
| | : | **Judge Marbley** |
| -vs- | : | |
| | : | **Magistrate Judge Kemp** |
| **RECOVERY LIMITED** | : | |
| **PARTNERSHIP, et al.,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

| | | |
|---|---|---|
| **THE DISPATCH PRINTING** | : | |
| **COMPANY, et al.,** | : | **Case No. C2-06-292** |
| | : | |
| Plaintiffs, | : | **Judge Marbley** |
| | : | |
| -vs- | : | **Magistrate Judge Kemp** |
| | : | |
| **RECOVERY LIMITED** | : | |
| **PARTNERSHIP, et al.,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

| | | |
|---|---|---|
| **THE DISPATCH PRINTING** | : | |
| **COMPANY, et al.,** | : | **Case No. C2-06-292** |
| | : | |
| Plaintiffs, | : | **Judge Marbley** |
| | : | |
| -vs- | : | **Magistrate Judge Kemp** |
| | : | |
| **GILMAN D. KIRK, et al.,** | : | |
| | : | |
| Defendants. | : | |

**MOTION OF PLAINTIFF THE DISPATCH PRINTING COMPANY
TO VACATE ORDER OF SATISFACTION**

<u>**MOTION OF PLAINTIFF THE DISPATCH PRINTING COMPANY**</u>
<u>**TO VACATE ORDER OF SATISFACTION**</u>

Plaintiff The Dispatch Printing Company ("The Dispatch") moves the Court pursuant to Fed. R. Civ. P. 60(d)(3) and the Court's inherent powers to vacate the Order of Satisfaction entered in this action in Defendants' favor on September 30, 2009 (Doc. No. 480) on the ground that Defendants and their counsel procured the Order of Satisfaction through a fraud on the court by making material representations regarding critical documents that Defendants claimed they did not have but which were later found in plain view in file cabinets in the possession of Defendants' attorney.

The grounds supporting this motion are as follows:

1.       On October 16, 2013, The Dispatch filed a motion for sanctions against Defendants Thomas Thompson, Gilman Kirk and Michael Ford and attorney Richard Robol (Doc. No. 871).  The Court has scheduled the motion as against Defendants Kirk and Ford and attorney Robol for hearing on February 18, 2014.  (Doc. No. 887).

2.       As explained in The Dispatch's memorandum in opposition to Mr. Robol's motion to dismiss the sanction proceedings against him (Doc. No. 895 at pgs. 18-22), the Order of Satisfaction does not need to be vacated before the Court hears The Dispatch's motion for sanctions.  *Red Carpet Studios v. Sater*, 465 F.3d 642, 645, (6th Cir. 2006) ("collateral issues" such as sanctions "are independent proceedings supplemental to the original proceeding and not a request for a modification of the original decree").  Instead, after consideration of the evidence presented at the hearing on February 18, 2014, if the Court finds that Defendants and their counsel committed a fraud on the court, the Court at that time will have not only the inherent power to set aside the Order of Satisfaction, but the duty to do so.  *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 249-50 (1944) ("[w]e hold, therefore, that the circuit court

on the record here presented had both the duty and the power to vacate its own judgment" based on fraud on the court); *United States v. Williams*, 2012 WL 640020 at *5 (N.D. Okla. 2012) ("not only does this court possess the inherent authority to consider such fraud, the court 'has a duty to consider whether there has been a fraud on the court, and if so, to order an appropriate remedy, whenever such fraud comes to the court's attention'"), quoting *In re MTG, Inc.*, 366 B.R. 730, 754 (E.D. Mich. 2007).

3.      Despite this authority, Mr. Robol continues to argue that the Order of Satisfaction must be set aside *before* the Court can hear the sanctions motion against him.  [Robol Reply Memorandum in Support of Motion to Dismiss (Doc. No. 901) at pgs. 4-5]

4.      In order to eliminate this as an issue going forward, The Dispatch hereby moves the Court to vacate the Order of Satisfaction on the ground of fraud on the court, thereby putting an end to Mr. Robol's attempt to hide behind an order that was obtained by material misrepresentations to the Court.

5.      The factual grounds for this motion are already set forth in detail in The Dispatch's motion for sanctions (Doc. No. 871) and The Dispatch's memorandum in opposition to Mr. Robol's motion to dismiss (Doc. No. 893), both of which are incorporated herein by reference, and will not here be repeated for the sake of brevity.

6.      In order to avoid presenting the same evidence twice, The Dispatch respectfully requests that the instant motion be heard by the Court on February 18, 2014 at the same time as the hearing on The Dispatch's motion for sanctions.

/s/ Steven W. Tigges
Steven W. Tigges, Trial Attorney (0019288)
John W. Zeiger (0010707)
Bradley T. Ferrell (0070965)
ZEIGER, TIGGES & LITTLE LLP
41 South High Street, Suite 3500
Columbus, Ohio 43215
Telephone: (614) 365-9900
Facsimile: (614) 365-7900

Attorneys for Plaintiff
The Dispatch Printing Company

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically this 20th day of December, 2013. Notice of this filing and a copy of the pleading will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven W. Tigges
Steven W. Tigges (0019288)

473273