IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMSON, *et al.*, | : | |
| | : | Case No. 2:06-cv-00292 |
| Plaintiffs, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | |
| RECOVERY LIMITED | : | Magistrate Judge Kemp |
| PARTNERSHIP, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Defendants Recovery Limited Partnership and Columbus Exploration LLC's Motion to Vacate Paragraphs 1 and 5 of the Court's July 18, 2012 Order and to Remand the Williamson Plaintiffs' Remaining Claim to Franklin County Common Pleas Court for Resolution in the Pending Receivership.  (Doc. 886).  For the reasons set forth herein, Defendants' Motion is **GRANTED in part** and **DENIED in part**.

### II. BACKGROUND

The Court need not reiterate the lengthy history of this case, as it has been set forth in many previous Orders of this Court.  (*See*, *e.g.,* Doc. 870).  Rather, the Court shall briefly discuss the procedural history that is relevant to Defendants' Motion.

This litigation commenced in 2005, when Dispatch Printing Company ("DPC") filed two cases in Franklin County Common Pleas Court against Columbus Exploration, LLC ("CX"), Recovery Limited Partnership ("RLP"), and the individual Defendants, for breach of fiduciary duty and an accounting.  (Case Nos. 05-CV-4220, 05-CV-11795, Franklin Cnty. Ct. of Com.

Pl.).  In 2006, after these cases were consolidated with the Williamson Plaintiffs' admiralty case (Case No. 06-CV-4469), Defendants removed all three cases to this Court.  (Doc. 2).

On July 18, 2012, this Court issued a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure and Prejudgment Attachment pursuant to subsections (8) and (9) of Section 2715.01 of the Ohio Revised Code ("P.I.").  (Doc. 738).  Though the Order set forth five separate findings, paragraphs 1 and 5 are the only sections at issue here.  Those paragraphs state:

> 1. The Court orders the attachment of seven (7) crates (or more) of artifacts warehoused on Joyce Avenue, Columbus, Ohio, and owned by Columbus Exploration, LLC or any other Defendant Entity.  These crates are not to be moved, encumbered or sold without further order of this Court.
> …
> 5. The Court issues a preliminary injunction against the Defendant entities prohibiting them from making any transfer of assets beyond those within the normal or ordinary course of business for such recurring expenses as are anticipated.  Any other transfers require further approval of this Court after notice and hearing.

(*Id.*).

On May 23, 2013, in a related action in the Franklin County Court of Common Pleas, Judge Patrick Sheeran sustained the motion by the Dispatch Plaintiffs for the appointment of a Receiver for the Injunction Defendants.  On June 14, 2013, Judge Sheeran issued his entry appointing Ira Kane as Receiver.  On September 30, 2013, the Receiver filed his Application of Receiver for Approval of Receiver's Initial Receivership Plan and Report, which was approved by Judge Sheeran on October 10, 2013.  That Plan sets forth certain goals for the receivership, including "put[ting] together a solid business structure" for the Injunction Defendants and "preserv[ing] and operat[ing] the businesses . . . for the benefit of the investors and creditors." (Doc. 896-4 at 8, 20).

2

Defendants CX and RLP filed the instant motion on November 13, 2013, in which they requested that this Court vacate paragraphs 1 and 5 of this Court's aforementioned Order (*see* Doc. 738), and remand Plaintiffs' breach of contract claim in the pending state receivership.

### III. LAW AND ANALYSIS

*a. Vacation of Paragraphs 1 and 5 of the Preliminary Injunction*

Defendants argue that this Court should exercise its discretion to vacate paragraphs 1 and 5 of the P.I. They assert that the "improper conduct" that was the basis of this Court's concern and reasoning inherent in the P.I. is no longer an issue. (*See* Doc. 750 at 4). At the time of the P.I. this Court had concerns about the bankruptcy petition submitted to the United States Bankruptcy Court for the District of Delaware simultaneous to the Ohio state court's commencement of receivership proceedings. That bankruptcy petition, however, was dismissed, and Mr. Kane was appointed as the Receiver by the Judge Sheeran not long thereafter. Defendants further insist that maintaining paragraphs 1 and 5 of the P.I. creates a conflict with the Receiver's duties. Thus, Defendants contend that this Court vacate paragraphs 1 and 5 of the P.I.

Plaintiffs counter that, though they have previously cooperated with Defendants in disposing of some of the property in the Joyce Avenue storage facility, they are entitled to a continued attachment of the remaining property based on its possible monetary value. According to Plaintiffs, there has not been a change in relevant facts that would justify lifting the attachment order. Plaintiffs allege that the problems caused by prior management remain, as do the concerns that initially led to the Court's P.I. Plaintiffs state that several million dollars were allowed to be transferred fraudulently out of RLP and CX while prior management was in

charge, and, as of December 9, 2013, that money had not been recovered by the Receiver. Additionally, Plaintiffs claim that Defendants have shown an overall disregard for this Court's order, and spent large sums of money in relation to the litigation. Plaintiffs, therefore, insist that the Court must maintain the P.I. to continue to protect Plaintiffs' rights.

It is within this Court's discretion to vacate its earlier P.I. In *Pennsylvania General Casualty Co. v. Commonwealth of Pennsylvania ex rel. Schnader*, 294 U.S. 189 (1935) and *Jacobs v. DeShetler*, 465 F.2d 840 (6th Cir. 1972), the Supreme Court and the Sixth Circuit, respectively, discussed the ways in which federal courts should exercise their discretion. Under *Pennsylvania General*, when a federal court is the first to acquire jurisdiction, if the parties' interests will continue to be protected, ceding control to the state officer is appropriate. 294 U.S. at 197. Moreover, the *Jacobs* Court found that the district court should exercise discretion "in such a way as to [not] interfere with the orderly disposition of the litigation by the State Court." 465 F.2d at 842.

In the case *sub judice*, this Court has jurisdiction over the assets as set forth in the P.I. When the Court initially composed the Order, concerns about the actions of the various parties were part of the basis for the P.I. Thus, the P.I. was granted, in part, to facilitate this Court's exertion of jurisdiction over the property at issue. The concerns that once existed, however, have since dissipated. The Court no longer needs to maintain paragraphs 1 and 5 of the P.I. to effectively protect the parties in light of Thompson's tomfoolery. The Receiver will, undoubtedly, continue to protect the parties' interests. In keeping with the holdings in *Pennsylvania General* and *Jacobs*, this Court shall exercise its discretion and vacate paragraphs 1 and 5 of the P.I., thereby allowing the Receiver to carry out its responsibilities without any unintended interference from this Court. And it must be noted that vacating paragraphs 1 and 5

does not divest the Receiver of the ability to maintain and handle the property in his charge; indeed, it is this Court's intent that the Receiver is able to exercise the full range of his authority as set forth by his State Court appointment. As such, Defendants' Motion is **GRANTED in part**.

*b. Remand of Breach of Contract Claim*

The Court next turns to Defendants' argument that its breach of contract claim should be remanded to state court. "Abstention is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Caudill v. Eubanks Farms*, *Inc.*, 301 F.3d 658, 660 (6th Cir. 2002). As a general rule, a federal court need not dismiss or stay an action on account of parallel state court proceedings. *See Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942). The rationale is simple; requiring abstention "would give litigants a powerful tool to keep cases out of federal court or remove cases to state court simply by filing a parallel suit in state court." Erwin Chemerinsky, *Federal Jurisdiction*, § 14.2 (6th ed. 2011). Moreover, frequent abstention on account of parallel state litigation "favors state courts over federal courts—a presumption inconsistent with Congress's creation of federal jurisdiction and one that is not supported by any statutory authority." *Id*.

But in *Colorado River Water Conservation District v. United States*, the Supreme Court created a "narrow exception" to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." 424 U.S. 800, 818 (1976). The Court held that in certain circumstances, the principles of wise judicial administration, conservation of judicial resources, and comprehensive disposition of litigation may warrant abstention on account of parallel state litigation. *Id.* at 817. The Court recognized that duplicative litigation is wasteful, especially considering that in many cases, the first court to render a judgment will divest the other court of

jurisdiction because of *res judicata*. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 25 (1983). That said, "abstention is an 'extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it,' therefore, '[o]nly the clearest of justifications' warrant abstention." *Devlin v. Kalm*, 493 F. App'x 678, 682 (6th Cir. 2012) (quoting *Rouse v. DaimlerChrysler Corp.*, 300 F.3d 711, 715 (6th Cir. 2002)).

The threshold question in a *Colorado River* case is whether there are parallel proceedings in state court. *Bates v. Van Buren Tp.*, 122 F. App'x. 803, 806 (6th Cir. 2004); *see also PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 207-08 (6th Cir. 2001). To be considered parallel, the state court proceedings need only be "substantially similar," not identical. *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998). If the Court finds the two proceedings to be parallel, it must then carefully balance the *Colorado River* factors, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Great Earth Co.*, *Inc. v. Simons*, 288 F.3d 878, 886 (6th Cir. 2002).

Defendants proffer that the receivership proceeding encompasses all claims stemming from the shipwreck recovery efforts. Defendants further claim that the Williamson Plaintiffs' core claim for breach of contract is pending in each proceeding. Additionally, claims against other "potentially collectible defendants" (*Def.'s Reply*, Doc. 903 at 8) remain undecided in each court. Thus, Defendants contend that default judgments against the outstanding defunct entities could be obtained in state or federal court. Plaintiffs counter that remanding this case to state court would require the state court to conduct a veil-piercing/alter ego trial concerning defendants that are not currently before that court, thereby creating a disparity that shows that the federal and state proceedings are not substantially similar.

This Court finds that the case *sub judice* and the state court proceedings are substantially similar, based on the parties and issues before each court.  Having determined that the federal and state court proceedings are indeed parallel, the Court must now balance the *Colorado River* factors: (1) whether the state court has assumed jurisdiction over any res or property; (2) the convenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which the state and federal proceedings were filed; (5) the relative progress of the state and federal litigation; (6) whether the claims present a federal question; (7) the adequacy of the state forum to protect the rights of the federal plaintiffs; and (8) the presence or absence of concurrent jurisdiction.  *Romine*, 160 F.3d at 340-341.  The Supreme Court has cautioned that "[n]o one factor is necessarily determinative; [rather,] a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required."  *Colo. River*, 424 U.S. at 819; *see also Romine*, 160 F.3d at 341 (*quoting Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 15-16 (1983) ("These factors, however, do not comprise a mechanical checklist.  Rather, they require 'a careful balancing of the important factors as they apply in a give[n] case' depending on the particular facts at hand."))

Here, the convenience of the federal forum, the source of governing law, and the relative progress of state and federal litigation support a finding against abstention, and requires this Court to deny Defendants' remand request.

### 1.  Convenience of the Federal Forum

This Court has personal jurisdiction over all parties to the case; the state court, however, does not.  The timeline of these proceedings has been extensive, and the case is well into its eighth year.  The issues have been briefed thoroughly, and this Court has a deep knowledge and

understanding of this case that it has cultivated throughout the pendency of the litigation. If this Court were to abstain, and remand to state court, the state court would then have the burden of sifting through years of proceedings simply to gain a basic understanding of the expansive history of this matter. Certainly, such an undertaking would require a great deal of time and depletion of judicial resources, likely resulting in a delay in the state court's proceedings.

### 2. Source of Governing Law

This case is governed by federal law and maritime law, pursuant to 28 U.S.C. § 1333. The source of governing law is, therefore, federal. Accordingly, this factor weighs against abstention.

### 3. Relative Progress of State and Federal Litigation

The Court's consideration of this factor draws many parallels to its analysis of the convenience of the federal forum. Though the state court proceedings were filed first, this matter has been before the Court for eight years. As the case has progressed, so have the vast array of issues in this case. Currently, there are nearly 1,000 items on this case's docket report, a clear indication of the progress of this case. Considering that progress in the light of this Court's duty to limit an exercise of abstention to extraordinary circumstances, it is clear that it would be inappropriate to abstain from this case.

### 4. Remaining *Colorado River* Factors

The first, third, and eighth factors—whether the state court has assumed jurisdiction over any property; avoidance of piecemeal litigation; and the presence or absence of concurrent jurisdiction—do not weigh for or against abstention. The state court has assumed control over property, and the appointment of the Receiver will continue to allow the state court to exercise its jurisdiction as needed, particularly in light of this Court's decision to vacate certain sections

8

of its earlier P.I.  The appointment of the Receiver, however, does not create an extraordinary circumstance that will be cured by abstention.  Next, the Court does not find that remanding this case would result in the avoidance of piecemeal litigation.  Both this Court and the state court have proceedings currently before them, and, if this Court abstained on the breach of contract claims, the claims of the Defendants uninvolved in the breach of contract claim would remain with this Court.  Finally, there is concurrent jurisdiction over the litigation, but, as with the concern for piecemeal litigation, abstention would not ease any burden potentially shouldered by any parties.  Those factors, therefore, do not weigh in favor of abstention.

While the two remaining factors could support abstention, neither outweighs the Court's earlier findings that abstention is unnecessary.  The second factor is the order in which jurisdiction was obtained.  In 2005, the state court was the first court to obtain jurisdiction over this matter, before the case was removed to federal court in 2006.  But this Court has now handled this inarguably complex and lengthy litigation for eight years, essentially mooting any clout held by the state court's initial dealings with the *Williamson* litigation.  The sixth factor concerns the adequacy of the state court to protect the federal plaintiffs' rights.  This Court currently has personal jurisdiction over all of the parties.  A remand could cause a delay in proceedings to allow the state court to sort through any such issues, in turn slowing the resolution of this matter.  Thus, neither factor weighs so heavily in favor of abstention as to lead this Court to find that abstention would be proper here.

Upon consideration of each *Colorado River* factor, and given the peculiar nature of this case, this Court cannot justify abstaining.  Thus, Defendants' request for remand of its breach of contract claim is, therefore, **DENIED**.

9

## IV. CONCLUSION

Based on the foregoing reasons, Defendants Recovery Limited Partnership and Columbus Exploration LLC's Motion to Vacate and Remand (Doc. 886) is **GRANTED in part** and **DENIED in part**.  Paragraphs 1 and 5 of this Court's Order (Doc. 738) are hereby **VACATED**.

**IT IS SO ORDERED.**

   <u>s/Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: September 23, 2014**