**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL WILLIAMSON,** *et al.*, | : | |
| | : | Case No. 2:06-cv-00292 |
| **Plaintiffs,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| v. | : | |
| | : | |
| **RECOVERY LIMITED PARTNERSHIP,** *et al.*, | : | Magistrate Judge Kemp |
| | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

On March 2, 2015, Receiver Ira Owen Kane filed a motion on behalf of Recovery Limited Partnership ("RLP") and Columbus Exploration ("CX") to strike Attorney Richard T. Robol's Notice (Doc. 967) as an unauthorized non-party filing. (Doc. 968.) The motion is unopposed. For the reasons that follow, the Court **GRANTS** the motion.

## I. BACKGROUND

Robol's notice provided a copy of the Franklin County Court of Common Pleas' January 16, 2015 order instructing him to provide various materials to RLP and CX. Robol believes that the state court's ruling could be in conflict with prior rulings by this Court. (Doc. 967 at 2.) The Receiver seeks to strike this notice as an unauthorized non-party filing and also seeks sanctions against Robol and his attorneys for causing the Receiver to expend time and money on the motion to strike. (Doc. 968 at 2.) The Receiver faults Robol for failing to comply with his obligations to turn over the documents and property of RLP and CX, and argues that there is no conflict between the state court's order and this Court's previous orders. (*Id.* at 3-4.)

1

Since the filing of this motion, Robol has appealed the state trial court's order against him and the Ohio Court of Appeals has affirmed the trial court's order.  (Doc. 967 at 2; *Williamson v. Recovery Ltd. P'ship,* Nos. 15AP–638/639/640, 2016 WL 1092354, at *5 (Ohio Ct. App. Mar. 17, 2016).)

## II. ANALYSIS

### A. Motion to Strike

The Receiver argues that Robol has "no standing to file documents, he is not seeking to intervene, and the Notice is not a document authorized by the Federal Rules of Civil Procedure." (Doc. 968 at 3.)  The Court agrees and grants the motion to strike.

Civil litigation is governed by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 1.  While the Rules do not prohibit the filing of documents not specifically described therein, "the Rules, and the Court's inherent authority to permit filings in a civil action, have boundaries."  *DRFP, LLC v. Republica Bolivariana de Venezuela*, No. 2:04-cv-793, 2012 WL 995288, at *1 (S.D. Ohio Mar. 22, 2012).  To protect these boundaries, a presumption exists that "absent a specific reason to permit it, filings by non-parties have no place in litigation and ought not to be made."  *Id.*  Robol is not seeking to intervene in the suit, and he fails to provide the Court with a specific reason to consider his notice, other than his assertion that there may be a conflict between the Court's earlier rulings and the state court order.  There is no such conflict.  As the Court previously articulated, "it is this Court's intent that the Receiver is able to exercise the full range of his authority as set forth by his State Court appointment."  (Doc. 935 at 4-5.)  Among those rights is the ability to take and keep possession of property in order to maximize creditor recovery.  *See* Ohio Rev. Code § 2735.04(B)(2).  The Court **GRANTS** the motion to strike.

### B. Motion for Sanctions

The Court declines to levy sanctions on Robol due to a lack of actual evidence of purposeful wrongdoing.  A district court may award sanctions pursuant to its inherent powers when bad faith occurs.  *Runfola & Assocs. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 375 (6th Cir. 1996).  To issue a sanctions award, a court must "make actual factual findings of fact that demonstrate that the claims were meritless, that counsel knew or should have known that the claims were meritless, *and* that the claims were pursued for an improper purpose." *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997).  Although the Court agrees with the Receiver that Robol's filing of the notice was frivolous, there is insufficient evidence that Robol or his attorneys filed the notice for an improper purpose.  While it is certainly possible that Robol merely seeks to delay the transfer of documents, the Court concludes that there is insufficient evidence that he acted with the improper purpose to delay.

### III. CONCLUSION

The Court **GRANTS** the Receiver's motion to strike the non-party filing.  (Doc. 968.) The Court declines to impose sanctions against Robol.

**IT IS SO ORDERED.**

                                         s/ Algenon L. Marbley
                                         **ALGENON L. MARBLEY**
                                         **UNITED STATES DISTRICT JUDGE**

**DATED: August 2, 2016**