IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL WILLIAMSON,** *et al.*, | : | |
| | : | Case No. 2:06-cv-00292 |
| **Plaintiffs,** | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | |
| **RECOVERY LIMITED** | : | Magistrate Judge Kemp |
| **PARTNERSHIP,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court on The Dispatch Printing Company's ("DPC") Motion for Supplemental Award of Attorney Fees Incurred in Connection with Respondent Richard T. Robol's ("Robol") Unsuccessful Appeal, (Doc. 1062), and Robol's related request for discovery. For the reasons that follow, the Court **GRANTS** DPC's Supplemental Motion for Attorney Fees and **DENIES** Robol's request for discovery.

### I. BACKGROUND

The facts giving rise to this action are detailed in a number of this Court's opinions, as well as those of the Sixth Circuit. (*See, e.g.*, Doc. 870, Doc. 927, and *Williamson v. Recovery Limited Partnership*, 826 F.3d 297, 299-301 (6th Cir. 2016)). The Court need not repeat itself, or the Sixth Circuit, here.

For the purposes of this motion, the facts are simple: in 2006, the Court entered a Consent Order, under which the Court ordered Defendants to provide DPC's accountant with "full access and opportunity to review" all documents and materials "regarding the period from January 1, 2000 through the date of entry of this order, identified in the July 11, 2016 list by [the] Accountant," for the purposes of preparing a report of the financial affairs and condition of

1

Columbus Exploration, LLC and Recovery Limited Partnership. (Doc. 84 at 3.) Significant litigation followed regarding Defendants' compliance with the Consent Order, and the Court, at the close of an April 24, 2007 contempt hearing, ordered Defendants to turn over "anything that could be construed as an inventory of any kind regarding assets recovered from the shipwreck that would have been sold during the relevant time of this audit or review." (*Apr. 24, 2007 Tr.*, Doc. 208 at 56.)

Between 2007 and 2010, Attorney Richard T. Robol ("Robol") represented on multiple occasions that the defendants had already turned over the single inventory in their possession, custody, or control. A receiver appointed in 2013 promptly found inventories residing in Robol's property that were not turned over.

On May 9, 2014, following DPC's motion for sanctions and a three-day evidentiary hearing held on February 25-27, 2014, this Court used its inherent authority to sanction Robol for acting in bad faith by falsely and repeatedly "inform[ing] the Court that his clients had produced 'all inventories they ever possessed." (Doc. 927 at 17.)[1] In making these statements, the Court found that Robol had unreasonably relied on his clients, and acted willfully to blind himself to the truth of his and his clients' possession of other inventories. (*Id.* at 19.)

As a sanction, the Court ordered Robol to pay "the cost of pursuing [DPC's] Motion for Sanctions, as well as the amount expended by DPC to uncover this fraud and locate the inventories recovered by the Receiver." (*Id.* at 24.) At that time, the Court assessed a sanction of $224,580.00. (Doc. 937 at 4.)

Robol appealed the sanctions order to the Sixth Circuit, (Doc. 938), and posted a $300,000 bond. (Doc. 942.) Robol agreed that the bond would cover the judgment amount,

---

[1] The Court also found that Robol had committed a fraud on the court, (Doc. 927 at 25), but the Sixth Circuit reversed on that point. *Williamson*, 826 F.3d at 302.

2

"plus any additional amount . . . that may be awarded to Appellee in connection with the appeal (such amount shall be determined by the Court in accordance with the law, whether in the form of costs, damages, interest, costs, attorney's fees, etc.)." (Doc. 942 at 2.)

The Sixth Circuit affirmed the sanctions order, finding that this Court properly exercised its inherent power to sanction Robol for acting in bad faith by hampering the enforcement of a court order. *Williamson*, 826 F.3d at 302, 305. Specifically, the Sixth Circuit found strong inferences that Robol: (a) "intended to hamper the enforcement of a court order"; and (b) acted in bad faith because, at the time he made the misrepresentations to the Court, he "knew of, or was willfully blind to, the existence of undisclosed inventories." *Id.* at 303-04.

The Dispatch incurred $59,708.75 in additional attorney's fees by defending this Court's order on appeal, and now seeks to recover these fees from Robol. (Doc. 1062 at 3.)

## II. STANDARD OF REVIEW

Under the American Rule, litigating parties generally bear their own attorney's fees. *Liberis v. Craig*, 845 F.2d 326, *5 (6th Cir. 1988). Despite the American Rule, "in narrowly defined circumstances federal courts have inherent power to assess attorney's fees against counsel." *Chambers v. NASCO*, 501 U.S. 32, 45 (1991) (internal quotations omitted). One of these circumstances is contempt, or, more formally, "the willful disobedience of a court order." *Chambers*, 501 U.S. at 45; *Liberis*, 845 F.2d at *5. Another is when a person "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," by, for example, "hampering enforcement of a court order." *Chambers*, 501 U.S. at 45-46 (internal quotations omitted).

The Court's inherent power to police itself by assessing attorney's fees for a person who hampers the enforcement of a court order "serv[es] the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making

the prevailing party whole for expenses caused by his opponent's obstinacy." *Id.* (internal quotations and brackets omitted). This Court has "broad discretion under [its] inherent powers to fashion punitive sanctions," like the amount of attorney's fees following a finding of bad faith. *Williamson*, 826 F.3d at 306. For this reason, "there is no requirement of a perfect causal connection between the sanctioned conduct and the attorney's fees awarded[.]" *Id.* If the prevailing party's appellate attorney's fees "stemmed directly" from the sanctionable conduct in the district court, then the district court may assess these fees on the party that was sanctioned. *Liberis*, 845 F.2d at *6-*7; *see also Chambers*, 501 U.S. at 57 ("the party may be sanctioned for abuses of process occurring beyond the courtroom, such as disobeying the court's orders").

The Court "must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees." *Chambers*, 501 U.S. at 50. Due Process requires that Robol "be given notice and an opportunity to be heard." *DiPonio Constr. Co., Inc. v. Int'l Union of Bricklayers & Allied Craftworkers, Local 9*, 687 F.3d 744, 752 (6th Cir. 2012). In the Sixth Circuit, "there is no requirement that a full evidentiary hearing be held before imposing sanctions." *Id.* (quotations omitted). Rather, the district court has discretion "to determine whether an evidentiary hearing would assist the court in its decision." *Id.* (quotations omitted).

### III. ANALYSIS

#### A. This Court Determines the Sanction When the Bad Faith Stems from Conduct before this Court

Robol argues that the Sixth Circuit, rather than this Court, should decide the motion for attorney's fees incurred in defending this Court's order in the Sixth Circuit. (Doc. 1078 at 3-6.) In support, Robol cites two cases where the Sixth Circuit to requests for sanctions under Federal Rule of Appellate Procedure ("FRAP") 38, most importantly, *Kurincic v. Stein, Inc.*, 30 F. App'x

4

420 (2002) and *DiPonio*, 687 F.3d 744. Robol also cites *In re Cardizem CD Antitrust Litigation*, 481 F.3d 355 (6th Cir. 2007) to argue that the Sixth Circuit "reversed the District Court's award of attorney's fees incurred on appeal under the District Court's inherent authority." (Doc. 1078 at 3.) *Kurincic* and *DiPonio* do not support Robol's position, and Robol misreads *Cardizem*.

*Kurincic* and *DiPonio* are inapposite because they analyze motions to the Sixth Circuit for sanctions under FRAP 38 rather than motions to the district court for sanctions under its inherent authority. *Kurincic*, 30 F. App'x at 428; *DiPonio*, 687 F.3d at 753-54. Rule 38 is a mechanism by which the appellate court may assess sanctions for frivolous appeals.[2] *Id.* It directs the appellate court to ask whether an appeal is "wholly without merit." *DiPonio*, 687 F.3d at 754. Here, the question is not whether Robol's appeal is "wholly without merit," but whether this Court, pursuant to its inherent power to sanction for bad faith conduct, may include as a sanction the costs of defending an appeal of the sanctions order. *See Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 32 (6th Cir. 2012) ("The mere fact that an action is without merit does not amount to bad faith sufficient to invoke the court's inherent power to sanction.").

*Cardizem*, which analyzes the relationship between Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1927, and 28 U.S.C. § 1920, is also inapposite. 481 F.3d at 358-60. While *Cardizem* notes that sanctions under 28 U.S.C. § 1927[3] are limited to attorney's fees, costs, and expenses incurred *in that court*, *id.* at 358, 362, the sanctions at issue here were not assessed pursuant to 28 U.S.C. § 1927. And, despite Robol's argument to the contrary, (Doc. 1078 at 3), § 1927 does not rest on a court's inherent authority. *See Smith v. ABN AMRO Mortg. Group*

---

[2] Federal Rule of Appellate Procedure 38 provides: "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38.
[3] This statute provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

*Inc.*, 434 F. App'x 454, 469, (6th Cir. 2011) ("[U]nlike sanctions imposed under a court's inherent authority, § 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence."). Under 1927, the question is whether an attorney "so multiplies the proceedings . . . unreasonably and vexatiously." 28 U.S.C. § 1927.

The Supreme Court has found that this Court's inherent power is not constrained by FRAP 38, § 1927, or other procedural rules: "a federal court may ignore these provisions [including § 1927 and FRAP 38] and exercise inherent power to sanction bad-faith misconduct 'even if procedural rules exist which sanction the same conduct.'" *Chambers*, 501 U.S. at 62–63. Instead, upon a finding of bad faith and an intent to hamper the enforcement of a court order, the Court may use its inherent powers "to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44.

The question is not, as Robol would have it, whether Robol's *appeal* was made in bad faith, but whether his unsuccessful appeal "stemmed directly from [his] intentional disregard of the initial order[.]" *Liberis*, 845 F.2d at *7. And it did.

This Court sanctioned Robol for "hampering the enforcement of a court order in bad faith." *Williamson*, 826 F.3d at 299. The "hampered" court order was its own—the 2006 Consent Order. DPC seeks additional attorney's fees from having to defend the sanctions order on appeal. Therefore, the decision resides with this Court. (*See also* Doc. 867 at 7-8 (decision whether to grant attorney's fees for unsuccessfully appealing contempt order rests with district court)). Because DPC incurred legal expenses defending this Court's bad faith judgment on appeal, the proper forum for DPC to file its fee petition is this Court. *See Liberis*, 845 F.2d at *8.

6

### B. An Award of Appellate Attorney's Fees is Appropriate in This Case

The Court may, under its inherent powers, "fashion an appropriate sanction for conduct which abuses the judicial process," which may include the granting of attorney's fees. *Chambers*, 501 U.S. at 44-45. The Court granted attorney's fees when it sanctioned Robol with "the cost of pursuing [DPC's] Motion for Sanctions, as well as the amount expended by DPC to uncover this fraud and locate the inventories recovered by the Receiver." (Doc. 927 at 24.) The cost of pursuing a motion for sanctions includes the cost of defending it on appeal. *See Liberis*, 845 F.2d at *2, *6-*8.

The Sixth Circuit has affirmed this Court's finding that Robol "engaged in sanctionable bad-faith conduct," as well as this Court's imposed sanction. *Williamson*, 826 F.3d at 305. Because DPC's appellate attorney's fees "stemmed directly" from this sanctionable conduct, the Court may assess these fees on Robol. *Liberis*, 845 F.2d at *6-*8 ("the bankruptcy judge did not abuse his discretion by awarding attorneys' fees and expenses incurred by the trustees as a result of the plaintiffs' unsuccessful appeals of the orders holding them in contempt.").

### C. The Distinguishing Factors Claimed by Robol Are Not Relevant

Robol argues that the Court should not award additional attorney's fees because: (a) the Sixth Circuit affirmed $224,580 as "reasonable punishment," (Doc. 1078 at 2 (citing *Williamson*, 826 F.3d at 306)); (b) the Sixth Circuit did not assess costs on either party (*id.* at 3, 7); and (c) there is a policy underlying FRAP 38 sanctions that warns against chilling non-frivolous appeals (*id.* at 6). Robol also seeks to distinguish *Liberis* and the Court's prior award of appellate sanctions (Doc. 867), first, by trying to distinguish bad faith sanctions (as punitive) from contempt sanctions (as compensatory), and second, by pointing out that this Court already granted a specific amount of attorney's fees by the time DPC requested its appellate fees. (Doc. 1078 at 6-7.) These arguments are unavailing.

First, the finding that $224,580 was "reasonable punishment" for Robol was in the context of assessing DPC's additional settlement with another sanctioned party. *Williamson*, 826 F.3d at 306. What the Sixth Circuit actually affirmed as reasonable, was a sanction "equal to the cost of pursuing this Motion for Sanctions, as well as the amount expended . . . to uncover this fraud and locate the inventories uncovered by the Receiver[.]" *Id.* And in so affirming, the Sixth Circuit cited this Court's "broad discretion" to fashion an appropriate sanction." *Id.*

Next, Robol cites nothing for the proposition that the Sixth Circuit did not assess costs. Although his argument is unclear, he appears to be suggesting that, because the Sixth Circuit did not sanction him under FRAP 38, this Court should not include appellate fees in his sanction in this Court. (Doc. 1078 at 3.) As discussed above, the Sixth Circuit's award (or not) of attorney's fees under FRAP 38 are not determinative of this Court's award of attorney's fees under its inherent power. Similarly, policies underlying FRAP 38 do not apply to this Court in exercising its inherent power. Robol has cited no case that imports the policies underlying FRAP 38 to this Court's determination under its inherent powers.

Robol's distinctions of *Liberis* and this Court's prior award of appellate sanctions also miss the mark. First, the distinction Robol draws between the purposes of contempt and bad faith is illusory. In this context, both have the same purposes:

> The award of attorney's fees for bad faith serves the same purpose as a remedial fine imposed for civil contempt, because it vindicates the District Court's authority over a recalcitrant litigant. . . . That the award has a compensatory effect does not in any event distinguish it from a fine for civil contempt, which also compensates a private party for the consequences of a contemnor's disobedience."

*Chambers*, 501 U.S. at 53-54 (internal brackets, quotations, and citations omitted). The Court may "punish" by contempt sanctions just as it may punish with bad faith sanctions. For each type of "punishment," the Court may award attorney's fees. *See Chambers*, 501 U.S. at 45 ("a court's discretion to determine the degree of punishment for contempt

8

permits the court to impose as part of the fine attorney's fees[.]" (internal quotations omitted)); *Williamson*, 826 F.3d at 306.

Finally, the fact that this Court already granted a specific amount of attorney's fees by the time DPC requested its appellate fees, as opposed to *Liberis*, which assessed trial and appellate fees simultaneously, holds no legal significance. The Court has broad discretion to fashion appropriate sanctions for bad faith conduct. *Williamson*, 826 F.3d at 306. These sanctions may include fees spent defending the sanctions order on appeal. *See Liberis*, 845 F.2d at *7-*8. The timing of this award—whether in conjunction with or separate from the award for fees in the trial court—is irrelevant.

### D. The Appellate Bond Does Not Have the Import Claimed by DPC

DPC argues that the appellate bond Robol posted includes both an order from this Court on the propriety of granting appellate attorney's fees and an admission by Robol that such attorney's fees are taxable to him. (Doc. 1086 at 2-4.) While the Agreed Order may have shown that Robol had notice of DPC's intent to seek additional attorney's fees, it included neither order nor admission.

The Agreed Order, submitted on Robol's motion, provided for Robol to post a $300,000 bond to cover "the judgment plus interest thereon plus any additional amount . . . that may be awarded to Appellee in connection with the appeal (such amount shall be determined by the Court **in accordance with the law**, whether in the form of … attorney's fees, etc.). (Doc. 942) (emphasis added.) Per the Agreed Order, then, the bond covers additional fees, including attorney's fees, that the Court determines **in accordance with the law**. The Court must still make that legal determination.

9

### E.  An Award of Fees at this Juncture Does Not Violate Robol's Right to Due Process

In the event the Court grants DPC's request for attorney's fees on appeal, Robol asks for discovery, including "written discovery and possibly depositions," regarding factors such as "reasonable hourly rate, including prevailing market rate, skill, experience, reputation" and "attorney's experience and expertise, the novelty and complexity of the issues presented, [and] relevant community."  (Doc. 1078 at 8 (quoting *Blum v. Stenson*, 465 U.S. at 896 n.11 (1984) and *Luciano v. Olsten Corp.*, 109 F.3d 111 (2d Cir. 1997).)  Each of these factors relates to the attorney's fee rates.  As described *infra*, the Court has already determined the reasonableness of the rates of various attorneys in this case, including Attorneys Tigges, Ferrell, and Brough.  (Docs. 480, 867, 937.)

Although, as Robol points out, he is "not a party to this proceeding," he is intimately familiar with it.  And he has not made any showing that he needs more documentation than he already has—rates, time sheets, expert testimony from an experienced Columbus attorney who practices in the same area as DPC's counsel, and several of this Court's prior orders determining that these same attorneys' rates are reasonable.  Therefore, Robol's request for discovery is **DENIED**.  *Hensley v. Eckerhart*, 461 U.S. 424 (1983) ("A request for attorney's fees should not result in a second major litigation.").

Even though Robol does not request an evidentiary hearing, the Court will assess any need for one in light of the Supreme Court's instruction that the Court "comply with the mandates of due process . . . in assessing fees." *Chambers*, 501 U.S. at 50.  In the Sixth Circuit, "there is no requirement that a full evidentiary hearing be held before imposing sanctions." *DiPonio*, 687 F.3d at 752 (internal quotation omitted).  This Court has "the discretion . . . to determine whether an evidentiary hearing would assist the court in its decision."  *Id.*  To comply

with the dictates of due process, the Court must only provide "notice and an opportunity to be heard." *Id.*

Robol's due process rights have been amply protected in this bad faith proceeding. Robol participated in a three-day evidentiary hearing regarding his bad faith and the appropriate sanction. (Docs. 920-22.) He participated in multiple rounds of briefing. (Docs. 907, 923, 925, 931.) He briefed and argued the bad faith and attorney's fee sanction issues in front of the Sixth Circuit. Shortly after he filed a notice of appeal in this case, Robol entered into the Agreed Order on bond, which gave him notice that DPC would seek attorney's fees in connection with the appeal. (Doc. 942.) Robol had further notice of this fact through DPC's current Motion for Supplemental Award of Attorney Fees, (Doc. 1062), and he had a sense of where the Court would come out because the Court had previously awarded fees incurred by Defendants' appeal of a contempt order. (Doc. 867.) He had an opportunity to be heard in his opposition brief, and an opportunity to request a hearing, which he did not do. (Doc. 1078.)

Because this issue and related issues have been extensively briefed and argued, the Court finds that a further evidentiary hearing would not assist in its decision. *Wilson-Simmons v. Lake Cnty Sheriff's Dept.*, 207 F.3d 818, 822-23 (6th Cir. 2000) ("Both the magistrate judge's report and recommendation and the district court's show cause order clearly put the Appellants on notice that the court was considering imposing monetary sanctions upon both Wilson-Simmons and her attorneys."); *DiPonio*, 687 F.3d at 752 ("the Union's motion for sanctions put DiPonio on notice, DiPonio was able to brief the issue, and [even though the district judge did not hold a hearing,] there was a hearing before the magistrate judge."); *Metz v. Unizan Bank*, 655 F.3d 485, 491–92 (6th Cir. 2011) ("Morris cannot complain about not having a hearing because he never requested a hearing before the sanctions were granted[.]").

**F. The Fee Requested is a Reasonable Sanction on Robol**

The Court granted attorney's fees when it sanctioned Robol with "the cost of pursuing [DPC's] Motion for Sanctions, as well as the amount expended by DPC to uncover this fraud and locate the inventories recovered by the Receiver." (Doc. 927 at 24.) The Court finds that granting DPC's fees on appeal is "an appropriate sanction for [Robol's] conduct which abuse[d] the judicial process." *Chambers*, 501 U.S. at 44.

When making a reasonableness determination, the Court first calculates the "lodestar" amount "by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle v. Reliance Med. Prods.*, 515 F.3d 531, 551 (6th Cir. 2008) (internal citation omitted). DPC calculated its attorney's fee using the lodestar method:

|  | **Tigges** | **Ferrell** | **Brough** |
|---|---:|---:|---:|
| 2014 rate | $565 | $365 | $215 |
| 2014 hours | 0.25 | 0.75 | 2 |
| **2014 total** | 141.25 | 273.75 | 430.00 |
| 2015 rate | $575 | $385 | $235 |
| 2015 hours | 29.75 | 39 | 24.75 |
| **2015 total** | 17,106.25 | 15,015.00 | 5,816.25 |
| 2016 rate | $590 | N/A | $245 |
| 2016 hours | 32.25 | 0 | 7.75 |
| **2016 total** | 19,027.50 | 0.00 | 1,898.75 |
|  | | **Total** | $ 59,708.75 |

If DPC "has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Id.* at 552.

Although Robol does not directly attack DPC's requested rates, the Court reads his request for discovery into the rates as an implicit attack on the reasonableness of the rates. The Court finds the rates for Attorneys Tigges, Ferrell, and Brough to be reasonable. In adjudicating the initial sanctions award, the Court affirmed the reasonableness of the 2013 and 2014 rates of

12

Attorneys Tigges, Ferrell, and Brough.  (Doc. 937 at 4; Doc. 928-2 at ¶ 16.)  Now, DPC seeks an award based on these same 2014 rates, as well as rates for 2015 and 2016, which reflect annual increases of $10-20 per hour.  (*See* Doc. 1062 at Pageid # 19985.)  An experienced Columbus attorney who practices in the same area as DPC's counsel confirmed that the attorneys' 2014-2016 rates are reasonable.  (Doc. 867 at 16, Doc. 928-2, Doc. 1062 at Pageid # 19977-81.)  In affirming the rates on the basis of this expert testimony, the Court notes that it has previously found similar rate increases for Attorneys Tigges and Ferrell to be reasonable.  (Doc. 867 at 16, Doc. 702-1 at 4.)  Therefore, the Court finds DPC's counsel's 2015 and 2016 rates to be reasonable.  In any event, because Robol did not attack the reasonableness of the rates, the Court considers his argument waived.

      Robol does not question the reasonableness of the time spent on appellate briefs and oral argument.  In his brief, he does not question neither the number of hours spent nor the amount of fees incurred.  Therefore, the Court considers Robol's arguments on this point waived.  Upon the Court's own review, and in light of the testimony of the same experienced Columbus attorney, (Doc. 1062 at Pageid # 19980), the Court finds the time spent on appellate briefs and oral argument to be reasonable.  Therefore, the Court awards DPC an additional **$59,708.75** in attorney's fees.[4]

      In short, the additional award of attorney's fees represents an appropriate sanction on Robol for hampering the enforcement of this Court's order in bad faith.

---

[4] This award is not a windfall to DPC because it represents only the reasonable fees it has paid, or will pay, to its attorneys for defending the appeal.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** DPC's Supplemental Motion for Attorney Fees (Doc. 1062) and **DENIES** Robol's request for discovery.  DPC is awarded an additional **$59,708.75** in attorney's fees for its defense of Robol's unsuccessful appeal of this Court's sanctions order.


**IT IS SO ORDERED.**


      **s/ Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: March 31, 2017**