IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michael Williamson, et al., :

    Plaintiffs,

  v. : Case No. 2:06-cv-292

Recovery Limited Partnership,     JUDGE ALGENON L. MARBLEY
et al., :

                       Magistrate Judge Kemp

    Defendants. :

ORDER

This order is a follow-up to a subject addressed in the Court's Opinion and Order of October 25, 2016 (Doc. 1088). In that Opinion and Order, the Court ruled on, among other motions, a motion to enforce a subpoena which was issued by the Dispatch Printing Company on October 26, 2015 (Doc. 985) and served on Carl H. Linder and Linder Law Group (both of which will be referred to in this order as "Linder") in Miami, Florida on November 2, 2015 (Doc. 995). As the Court described that subpoena,

> The Linder subpoena commanded production of twenty-two categories of documents. Grouped broadly, they relate to documents and communications by or about Thomas G. Thompson[,] Alison Antekeier, and Recovery Limited Partnership with The CA Archeological Protection Trust, The Cromwell Trust, Columbus Exploration, LLC, the Hiassen Trust, the Indemnification Trust, Thomas G. Thompson, Alison Antekeier (and her various aliases), CBIZ Accounting, Tax & Advisory of Florida, LLC or its successor, Carlos Andrade, Carlo Mason, and Global Consultants and Services Ltd., as well as documents about Mr. Thompson's or Ms. Antekeier's use of a company known as RoboVault.

Doc. 1088, at 2.

Mr. Linder, citing his attorney-client relationship with Mr. Thompson, declined to produce both the CA Archeological

Protection Trust agreement and certain other documents relating to it, including documents which appointed what are described as the "Protector, Custodian, and Investment Advisor" documents for the trust.  The issue presented to the Court in the prior motion was whether the disclosure of those documents to persons other than Mr. Linder's client or clients - namely, the trustee and the trust advisors - waived the attorney-client privilege.  Finding that this question involved interpretation of Florida law and that the answer was not obvious, the Court declined to make a definitive ruling, particularly because other potential grounds for overcoming the claim of privilege seemed to exist.

One of those alternative grounds is the crime-fraud exception, which has obvious relevance here in light of the circumstances of this case.  The trust documents in question appear to relate to the issue of where certain coins which were minted from gold bars salvaged from the wreckage of the *SS Central America* are now located.  As this Court recently observed, Mr. Thompson "has been in jail for more than a year for violating this Court's order to sit for a debtor's examination and assist the litigants in identifying and recovering assets, including the gold coins, as required by his plea agreement." Doc. 1099, at 1-2.  The plea agreement referred to by that order was entered into in a prosecution for criminal contempt and required Mr. Thompson to assist the parties in this case to identify and recover assets including those coins.  See Case No. 2:15-cr-81 (S.D. Ohio).  That leaves little room for doubt that Mr. Thompson has been involved in criminal behavior, and strongly supports the notion that the conduct leading to the filing of this case and Mr. Thompson's handling of assets, including the coins, was intended to defraud the investors in the salvage operation.

On March 3, 2017, the Dispatch renewed its motion to enforce

the subpoena.  It represents in that motion (the public version of which is Doc. 1096) that Recovery Limited Partnership, one of Mr. Thompson's entities in which the Dispatch was an investor, became contractually entitled to the coins in question, which were minted from gold recovered from the shipwreck, no later than June, 2001.  However, it does not appear that the partnership ever obtained possession of those coins, or, if it did, it seems that Mr. Thompson unlawfully transferred the coins from the partnership to his own possession and then secreted them.  This motion is currently unopposed.

The Dispatch correctly notes that Florida law recognizes a crime-fraud exception to the attorney-client privilege.  The Court has reviewed the statutory and case citations on pages 12-13 of the Dispatch's memorandum and agrees that they accurately depict Florida law.  Further, those cases establish that in Florida, as in most jurisdictions, a party challenging the assertion of the attorney-client privilege through the crime-fraud exception must show only a reasonable basis for the claim of fraud, after which it becomes the other party's burden to show that the facts are otherwise.  See, e.g., Safety Today v. Roy, 2013 WL 5597065, *6 (S.D. Ohio Oct. 11, 2013), citing, *inter alia*, In re Antitrust Grand Jury, 805 F.2d 155, 166 (6th Cir. 1986).  The Dispatch has made that showing here.  The fact that no one - including Mr. Thompson, who is still a party to this case - has filed a response means that the Court is entitled to take the facts asserted in the Dispatch's motion as true.  Under those facts, it is reasonable to conclude that the trust documents in question were intended, at least by Mr. Thompson, to assist him in committing fraud.  That being so, any claim of privilege is void, and the Dispatch is entitled to copies of the documents.

For all of these reasons, the Court grants the renewed

motion to compel (Doc. 1096).  Carl H. Linder and Linder Law Group shall produce any documents responsive to the subpoena which were withheld on grounds of attorney-client privilege within fourteen days of the date of this order.

### Motion for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp  
United States Magistrate Judge