**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL H. WILLIAMSON, et al.,** | : | |
| | : | **Case No. 2:06-cv-00292** |
| **Plaintiffs,** | : | |
| | : | **Judge Marbley** |
| **-vs-** | : | |
| | : | **Magistrate Judge Kemp** |
| **RECOVERY LIMITED PARTNERSHIP, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

| | | |
|---|---|---|
| **THE DISPATCH PRINTING COMPANY, et al.,** | : | |
| | : | **Case No. 2:06-cv-00292** |
| **Plaintiffs,** | : | |
| | : | **Judge Marbley** |
| **-vs-** | : | |
| | : | **Magistrate Judge Kemp** |
| **RECOVERY LIMITED PARTNERSHIP, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

| | | |
|---|---|---|
| **THE DISPATCH PRINTING COMPANY, et al.,** | : | |
| | : | **Case No. 2:06-cv-00292** |
| **Plaintiffs,** | : | |
| | : | **Judge Marbley** |
| **-vs-** | : | |
| | : | **Magistrate Judge Kemp** |
| **GILMAN D. KIRK, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**MOTION OF PLAINTIFF THE DISPATCH PRINTING COMPANY FOR
SANCTIONS AGAINST RICHARD T. ROBOL UNDER FED. R. CIV. P. 11**

### MOTION OF PLAINTIFF THE DISPATCH PRINTING COMPANY FOR SANCTIONS AGAINST RICHARD T. ROBOL UNDER FED. R. CIV. P. 11

Pursuant to Fed.R.Civ.P. 11, Plaintiff The Dispatch Printing Company ("TDPC") respectfully moves the Court for sanctions against Richard T. Robol ("Robol") for his frivolous filing of a motion for relief from judgment on April 23, 2017. [Doc. 1110]   The grounds supporting this motion are set forth in the attached memorandum.

Respectfully submitted,

/s/ Steven W. Tigges
Steven W. Tigges (0019288)
Bradley T. Ferrell (0070965)
Ariel A. Brough (0090712)
ZEIGER, TIGGES & LITTLE LLP
3500 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone:  (614) 365-9900
Facsimile:  (614) 365-7900
tigges@litohio.com
ferrell@litohio.com
brough@litohio.com

Attorneys for Plaintiff
The Dispatch Printing Company

2

## MEMORANDUM IN SUPPORT

### I.   Introduction and Background

On May 9, 2014, this Court issued an Opinion and Order finding that Robol had engaged in bad faith conduct by falsely representing to the Court on multiple occasions that his clients had produced all the inventories of the recovered treasure that they ever possessed. [Doc. 927] The Court sanctioned Robol for his misconduct by ordering him to pay TDPC the amount it expended in discovering the missing inventories and in prosecuting its sanctions motion against Robol. [Id.]   Pursuant to the Court's instructions, TDPC submitted a bill of costs, and, on October 31, 2014, the Court entered an Order directing Robol to pay sanctions to TDPC in the amount of $224,580. [Doc. 937]  The Court's sanctions judgment was affirmed in its entirety by the Sixth Circuit Court of Appeals on June 10, 2016. [Doc. 1045]

After the Sixth Circuit's affirmance, TDPC filed a motion with this Court to recover the attorney fees and expenses it incurred in defending the Court's sanctions decision on appeal. [Doc. 1062]  On March 31, 2017, the Court issued an Opinion and Order granting TDPC's motion and awarding it attorney fees and expenses totaling $59,708.75. [Doc. 1098]

On April 23, 2017, Robol filed a motion for relief from judgment under Fed.R.Civ.P. 60(b). [Doc. 1110]  Although Robol purports to direct his motion to the Court's March 31, 2017 Opinion and Order awarding supplemental attorney fees, it is clear from Robol's filing that what he really wants is to reopen the February 2014 sanctions hearing and this Court's resulting Orders dated May 9, 2014 and October 31, 2014.  [Docs. 927, 937] As TDPC has already explained in its opposition brief filed on May 8, 2017 (Doc. 1119), Robol's Rule 60(b) motion is frivolous in every respect.  TDPC therefore respectfully requests that the Court sanction Robol under Fed.R.Civ.P. 11 by awarding TDPC the attorney fees and costs it has incurred in opposing

Robol's Rule 60(b) motion, as well as the attorney fees and costs it incurs in bringing this Rule 11 motion.

## II.    Law And Argument

Rule 11 of the Federal Rules of Civil Procedure "affords the district court the discretion to award sanctions when a party submits to the court pleadings, motions or papers that are presented for an improper purpose, are not warranted by existing law or a nonfrivolous extension of the law, or if the allegations and factual contentions do not have evidentiary support." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510 (6th Cir. 2002). Sanctions are particularly appropriate under Rule 11 when a party asserts frivolous legal arguments to the court. *See* Advisory Committee Notes (1993) ("[Rule 11] emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable.").

That is precisely the situation presented here.  Robol's Rule 60(b) motion is so completely lacking in merit that it can only be described as frivolous.  Indeed, as TDPC explained in its opposition to Robol's Rule 60(b) motion, there are at least six reasons why Robol's motion fails as a matter of law.

First, Robol claimed he wanted to reopen the evidentiary hearing so he could offer the testimony of two "newly available" witnesses, Tommy Thompson ("Thompson") and Alison Antekeier ("Antekeier").  But, it is obvious from Robol's proffer of their testimony (at pages 4 through 6 of his brief) that nearly all of it was simply a rehash of the evidence Robol already offered and arguments he lost three years ago. Recycling old evidence and losing arguments through the mouths of two "new" witnesses – and especially these two convicted felons who have already shown their contempt for this Court – adds nothing.  "The case law makes clear that

4

Rule 60(b)(6) is not an opportunity for unsuccessful litigants to take a mulligan." *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007).

Second, Robol deceptively attempted to use Rule 60(b)(6) as the basis for his motion when in fact his motion was governed by the "newly discovered evidence" provision in subsection (b)(2) of the rule.  A motion under Rule 60(b)(2) is subject to the strict one-year limitation of subsection (c), and thus, Robol's motion, which was filed more than two and a half years after the Court's sanctions judgment, was untimely in the extreme. *See, e.g.*, *General Medicine, P.C. v. Horizon/CMS Health Care Corp.*, 475 Fed. Appx. 65, 75 (6th Cir. 2012) ("[A] party cannot escape the time limitations applicable to [subsections (b)(1), (b)(2) and (b)(3)] by dressing [his] claim in subsection (b)(6) clothes").

Third, even if Robol's motion was governed by Rule 60(b)(6), he failed to comply with that subsection's requirement that the motion must be filed "within a reasonable time." Thompson and Antekeier have been available in Ohio as potential witnesses for over two years, but Robol did nothing to obtain their testimony sooner, nor did he offer any explanation for his delay.  *Compare General Medicine*, *supra*, 475 Fed. Appx. at 76 (denying relief where "Healthsouth offers no explanation why … it waited nearly two years to file its Rule 60 motion").

Fourth, Robol failed to meet the high standard required for relief under Rule 60(b).  A movant under Rule 60(b) "has the burden to prove [his] entitlement to relief . . . by clear and convincing evidence." *JPMorgan Chase Bank, N.A. v. First American Title Ins. Co.*, 750 F.3d 573, 585 (6th Cir. 2014).  Among other things, this "extremely difficult burden" requires that the movant's new evidence "must be admissible **and** **credible**." *Wilson v. Upjohn Co.*, 808 F. Supp. 1321, 1323 (S.D. Ohio 1992) (emphasis added).  Robol's motion came nowhere close to

5

"credible," inasmuch as his proposed "new" evidence consisted of testimony from two convicted contemnors who have already demonstrated their disrespect for the judicial process.  Indeed, this Court has already found that Thompson, in particular, is unworthy of belief.

Fifth, Robol's Rule 60(b) motion was based on arguments he already presented and lost at the Court of Appeals level.  The law is well settled that "[a] district court … does not have jurisdiction to alter an appellate ruling where the appellate court has already considered and rejected the basis for relief cited in the Rule 60(b) motion." *United States v. Real Property Numbered as 249 S. Main Street*, 906 F.Supp. 1155, 1159 (S.D. Ohio 1995).

Finally, the purported testimony of Thompson and Antekeier that Robol relied upon in his Rule 60(b) motion would not have had any impact whatsoever on the Court's sanctions judgment.  To prevail on a motion for relief from judgment under Rule 60(b), "the moving party must show that … the evidence is so material that it is outcome determinative – that the result would have been different were [the moving party] to have had the evidence." *Crawford v. TRW Automotive U.S. LLC*, 560 F.3d 607, 615 (6th Cir. 2009).  Here, there is nothing that Thompson or Antekeier could say to change what this Court and the Court of Appeals have already found – that Robol knew his clients had other inventories, but he willfully blinded himself to what he knew to be true and lied to this Court, repeatedly saying he had produced the only inventory that his clients ever had.  As the Sixth Circuit aptly found: **"[N]ot even believing in 'six impossible things before breakfast' could lead to the conclusion that Robol reasonably believed that his clients did not possess additional inventories."**  [Doc. 1045 at 19782, quoting Lewis Carroll, *Through the Looking Glass* (emphasis added)]

For all of these reasons, Robol's Rule 60(b) motion was completely devoid of merit under existing law.  By filing it, Robol has succeeded in nothing more than wasting the time and

6

resources of TDPC and this Court.  TDPC therefore respectfully requests that the Court sanction Robol for his misconduct under Rule 11.

Federal courts have routinely imposed Rule 11 sanctions for similarly frivolous motions for relief from judgment.  For example, in *Blachy v. Butcher*, 129 Fed. Appx. 173 (6th Cir. 2005), the Sixth Circuit affirmed the imposition of Rule 11 sanctions because the appellant's Rule 60(b) motion was untimely and the arguments asserted therein already had been rejected by the district court and the court of appeals:

> Here, the district court sanctioned Rosemary because her Rule 60(b) motion was "objectively unreasonable."  Such a characterization is patently sound.  After all, Rosemary's claims had been rejected in some form or fashion by the district court and the Sixth Circuit alike.  Thus, the district court correctly determined that Rosemary did not have a good faith basis for filing her Rule 60(b) motion.  Sanctions were, therefore, appropriate under Rule 11(b)(2).

[*Id.* at 181-82]

Similarly, in *Kirby v. General Electric Company*, 210 F.R.D. 180 (W.D.N.C. 2000), the court imposed Rule 11 sanctions because the plaintiff's Rule 60(b) motion was untimely and failed to present an argument which, if successful, would have affected the outcome of the underlying judgment:

> The Court agrees that Plaintiffs' post-judgment motions, which were legally unjustified, frivolous, and had absolutely no chance of success, violated Rule 11(b)(2).
>
> In Plaintiffs' Rule 60(b) motion, Plaintiffs failed to make the requisite showing of timeliness, meritorious defense, no unfair prejudice, and exceptional circumstances…. In addition, Plaintiffs did not – and could not – establish that one of Rule 60(b)'s six grounds entitled them to relief from judgment.

[*Id*. at 189]

7

*Accord*: *Roger Edwards, LLC v. Fiddes & Son Ltd.*, 437 F.3d 140, 144 (1st Cir. 2006) ("No reasonable lawyer considering a Rule 60(b) motion could suppose that [plaintiff's argument] had any chance of upsetting a final judgment").

Likewise, in this case, no reasonable attorney in Robol's position could suppose that his Rule 60(b) motion had any chance of success.  TDPC therefore respectfully requests that the Court sanction Robol under Rule 11 for his misconduct by awarding TDPC the attorney fees and costs it incurred in opposing Robol's Rule 60(b) motion, as well as the fees and costs TDPC incurs in bringing this Rule 11 motion.

Respectfully submitted,

/s/ Steven W. Tigges
Steven W. Tigges (0019288)
Bradley T. Ferrell (0070965)
Ariel A. Brough (0090712)
ZEIGER, TIGGES & LITTLE LLP
3500 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone:  (614) 365-9900
Facsimile:  (614) 365-7900
tigges@litohio.com
ferrell@litohio.com
brough@litohio.com

Attorneys for Plaintiff
The Dispatch Printing Company

674795

8

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of June, 2017, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record. Service by regular U.S. mail and electronic mail will also be made on:

> Richard T. Robol
> ROBOL LAW OFFICE, LLC
> 433 West Sixth Avenue
> Columbus, Ohio 43201
> rrobol@robollaw.com

/s/ Ariel A. Brough
Ariel A. Brough (0090712)